UNITED STATES, Appellee

v.

Franklin M. BARTON, Hospitalman
U.S. Navy, Appellant

No. 03-0272

Crim. App. No. 200100732

United States Court of Appeals for the Armed Forces

Argued November 18, 2003

Decided June 28, 2004

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, and EFFRON, JJ., joined. ERDMANN, J.,
filed a dissenting opinion.


Counsel

For Appellant: Lieutenant Rebecca S. Snyder, JAGC,
USNR (argued).



For Appellee: Lieutenant Christopher J. Hajec, JAGC, USNR
(argued); Commander Robert P. Taishoff, JAGC, USN, and
Lieutenant Lori McCurdy, JAGC, USNR (on brief); Colonel Rose M.
Favors, USMC.



Military Judge: E. B. Stone



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge BAKER delivered the opinion of the Court.

On August 4, 2000, at Okinawa, Japan, Appellant was tried by a general court-martial composed of a military judge alone. Consistent with his pleas, Appellant was convicted of three specifications of conspiracy to commit larceny, two specifications of failure to obey a lawful general order, three specifications of larceny, and four specifications of housebreaking, in violation of Articles 81, 92, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 892, 921, and 930 (2000), respectively. He was sentenced to a bad-conduct discharge, confinement for two years, total forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. On April 5, 2001, in accordance with a pretrial agreement, the convening authority approved the sentence but suspended all confinement in excess of twelve months. On October 31, 2002, the Navy-Marine Corps Court of Criminal Appeals affirmed the findings of guilty and the sentence in an unpublished opinion. United States v. Barton, NMCM 200100732 (N-M. Ct. Crim. App. 2002).

This Court granted review of the following issue:

> WHETHER THE LOWER COURT ERRED IN FINDING APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 2 OF CHARGE I PROVIDENT WHERE THE MILITARY JUDGE FAILED TO ELICIT A FACTUAL BASIS FROM THE ACCUSED THAT THE OBJECT OF THE CONSPIRACY WAS LARCENY OF MERCHANDISE OF A

2

> VALUE OF MORE THAN $100 (AS OPPOSED TO
> LARCENY OF MERCHANDISE OF SOME VALUE).

## Facts

The stipulated facts pertinent to the granted issue reveal that Appellant and several other enlisted men engaged in a series of break-ins at Kadena Air Force Base and Camp Hansen on the island of Okinawa.  Two of these break-ins included the Powerzone, an electronics store on Camp Hansen.  On June 21, 2000, Appellant along with two other enlisted men broke into the Powerzone with the intent to steal merchandise.  The theft was unsuccessful, however, since one of the internal building doors was locked.  Appellant and his co-conspirators returned to the Powerzone on June 22, 2000, broke in, and stole approximately $10,000 worth of electronic equipment including watches, camcorders, compact discs, video games, and DVDs.

These events gave rise to Charge I, which contained three specifications of conspiracy.  Each of the three specifications alleged that the object of the conspiracy was larceny of goods with a value in excess $100.  Prior to explaining each of the offenses, the judge requested that Appellant keep the charge sheet in front of him so Appellant could "follow along on your copy of the charge sheet as I list the elements of the offenses for you."  During the Care inquiry of Charge I, Specification 1, the judge defined and explained the four elements of larceny as

3

they pertained to Appellant's specification, including the required dollar amount. See United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969). After describing the elements involved in Specification 1, the judge asked Appellant, "Do you understand the elements of the offense of larceny[?]" Appellant responded, "Yes, sir." The judge further questioned Appellant about the elements.

> Numerous specifications on this charge sheet would normally require me to advise you again and again of the crime—the elements of the crime of larceny and the definitions associated with that crime. In the interest of time, we could dispense with me reading that to you over and over again if you can assure me that you understand the elements of the crime of larceny and the definitions that I have given you. Do you understand all of those elements for sure and those definitions?

At the completion of the judge's question, Appellant once again responded, "Yes, sir." The judge also advised Appellant that if he got confused about any of the elements or definitions he should stop the judge.

The military judge asked Appellant if he would like to have the elements of larceny restated prior to his inquiry with respect to Specification 2, which concerned the alleged conspiracy to commit larceny of goods with a value in excess of $100 from Powerzone on June 21, 2000. The judge noted, "The only difference between that set of elements that I gave you earlier and the elements that apply to this offense is the owner

4

of the property alleged.  In this specification, the owner of the property is alleged to be the Power Zone (sic)."  At that time, Appellant once again acknowledged that he understood the elements of larceny as they applied to his case.  The same procedure was followed regarding the third specification of conspiracy in Charge I, which resulted in the larceny of goods valued over $10,000 from Powerzone.  At the close of the Care inquiry, the judge ultimately asked Appellant whether Appellant believed and admitted that "taken together" the elements, stipulation of fact, and the Care discussion described what Appellant had done "on each occasion?"  Appellant responded, "Yes, Sir."

Appellant argues that his plea to Specification 2 of Charge 1 lacks a factual basis substantiating each element of the offense.  In particular, Appellant argues that nowhere in the Care inquiry did he admit to conspiring to steal property of a value more than $100 on June 21, 2000.  Nor can such a factual predicate be inferred from the elements of other offenses for which Appellant was charged and to which he providently pleaded.  According to Appellant, the fact that he stole $10,000 in merchandise from the store on June 22, 2000, does not establish that he conspired to steal over $100 in merchandise from the same store one day earlier.  In short, a plea must stand on its

5

own four legs, with a factual basis for each element of each offense.

The Government responds that the record as a whole establishes each element of the offense. Further, there is nothing in the record that suggests Appellant's plea to this offense was not knowing, voluntary, or complete. Appellant understood the value of the merchandise in question and admitted to this element of the offense. Thus, the purpose of Care and its progeny are satisfied.

## Discussion

"[A] guilty plea is an admission of all the elements of a formal criminal charge[.]" Id. at 539, 40 C.M.R. at 251 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)). Therefore, before accepting a guilty plea, a military judge must explain the elements of the offense and ensure that a factual basis for each element exists. United States v. Faircloth, 45 M.J. 172, 174 (C.A.A.F. 1996). "It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty." United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F. 2002)(citing United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F. 1996)). This factual predicate is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea . . . ." United States v. Davenport, 9 M.J. 364, 367 (C.M.A.

6

1980).  As a result, "the issue must be analyzed in terms of providence of his plea not sufficiency of the evidence." Faircloth, 45 M.J. at 174.

When considering the adequacy of the plea, this Court considers the entire record to determine whether the dictates of Article 45, UCMJ, 10 U.S.C. § 845 (2000), Rule for Courts-Martial 910, and Care and its progeny have been met.  Jordan, 57 M.J. at 239.  We will not overturn the acceptance of a guilty plea unless there is a "substantial basis in law and fact for" doing so.  United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

In the specification at issue, Appellant was charged with conspiracy to commit larceny of property with value more than $100.  The specific elements of larceny are specified in the Manual for Courts-Martial, United States (2002 ed.) [hereinafter MCM], Part IV, para. 46.b.(1):

(a) That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person;
(b) That the property belonged to a certain person;
(c) That the property was of a certain value, or of some value; and
(d) That the taking, obtaining, or withholding by the accused was with the intent permanently to deprive or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused of for any person other than the owner.

7

Article 121 provides for gradations in the maximum sentence depending on the value and type of the property in question.[*]

Appellant was charged with three specifications of larceny and conspiracy to commit larceny. "In the interest of time," the judge elected not to repeat the elements for each offense during his Care inquiry, but rather established the relationship of fact to law by cross-referencing his predicate statement of elements. As a result, at no point during the Care inquiry regarding Specification 2 did Appellant admit in declaratory fashion that he intended to steal more than $100 in merchandise. Nor did the stipulation of fact specify the value in question. Rather, any such admission must be found in Appellant's acknowledgement that he understood the elements of Specification 2, which included a value of more than $100, and that his conduct fit the elements of larceny.

Although we may have doubts that a similar methodology of cross-reference will work generally, it did not amount to error in this case. Reviewing the Care inquiry in whole, we are satisfied that Appellant understood the elements of conspiracy to commit larceny, understood that the elements included a

---

[*] At the time of trial, Article 121 allowed increased punishment for the larceny of property in excess of $100. Manual for Courts-Martial, United States (2000 ed.), Part IV, para. 46.e.(1). Article 121 now provides increased punishment for property in excess of $500. MCM, (2002 ed.), Part IV, para. 46.(e).(1)(a).

8

property valuation of over $100, and affirmatively admitted to the military judge that his actions satisfied this element of the offense. First, when the judge listed the elements at the outset, Appellant told the judge that he understood the elements of larceny, including the $100 value requirement. Moreover, the judge did not take "yes" for an answer, but took care to test the answer and asked Appellant whether he in fact understood the elements and understood that he could ask for them to be repeated at any time. Further, the judge required Appellant to follow along during the Care inquiry using his charge sheet. Because Specification 2 contained the phrase "of a value more than $100.00," and the judge informed Appellant of this element, it is reasonable to conclude that Appellant was aware of the elements to which he was pleading.

In reaching this conclusion, we are cognizant that we are considering element (c), property of a value more than $100. See MCM, Part IV, para. 46.b.(1)(c). This is not a complex legal element. An understanding of this element does not require an intricate application of law to fact. Moreover, Appellant's admission to this element involved more than simply his agreement with a legal conclusion, as the element itself contains a specific factual threshold. Therefore, Appellant's admission to this element was an admission to law and fact. Thus, this case is distinguishable from Jordan, where the

Appellant was asked for a legal conclusion as to whether his conduct was service discrediting, without explanation as to why leaning on a boat might fit that legal element. 57 M.J. at 239. This case is also distinguishable from United States v. Hardeman, for Appellant did not say anything during the Care inquiry that was factually inconsistent with the charged offense or an admission of guilt to that offense. 59 M.J. 389 (C.A.A.F. 2004). Nor is this a case where Appellant has pleaded guilty to something he factually did not do as was the case in United States v. Pinero, ___ M.J. ___ (C.A.A.F. 2004)(attempting to plead to a continuous unauthorized absence when the record established an interrupted period of absence). The question here, is whether the record says enough to objectively support an admission to each element of the offense.

We cannot lose sight that this is a guilty plea case. As this Court indicated in Jordan, "a guilty plea case is less likely to have developed facts . . . ." Jordan, 57 M.J. at 238. With the benefit of appellate hindsight, one might well identify questions unasked or be tempted to look for the factual development that only a contested trial might contain.

At the same time, we cannot lose sight that in a guilty plea case the Care inquiry is a substitute for a contested trial. 18 C.M.A. 535, 40 C.M.R. 247. By pleading guilty, an accused is relinquishing significant constitutional rights. He

also spares the victim and the government the costs and consequences of a trial.  As a result, Appellant's desire to plead guilty should not obscure the necessity of establishing each element to each offense; speed and economy must cede to care.

For the reasons stated above, we are satisfied that each element of Specification 2 of Charge 1 was established. Therefore, there is no substantial basis in law and fact to question Appellant's guilty plea to Specification 2.

## Conclusion

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

ERDMANN, J. dissenting:

I respectfully dissent. In my view, there is an inadequate factual basis to support Appellant's plea of guilty to conspiracy to commit larceny of merchandise of a value of more than $100. As I believe that there is an adequate factual basis to support a plea to conspiracy to commit larceny of merchandise of some value, I would affirm the guilty plea to that extent. I would further find that the error was harmless with respect to the sentence and affirm the sentence.

The charges and specifications relating to conspiracy and larceny include:[1] conspiracy to commit larceny and larceny of merchandise of a value of more than $100 from the Kadena Tennis Pro Shop on May 27 and 28, 2000; conspiracy to commit larceny of merchandise with a value of over $100 in regard to an attempted larceny from the Powerzone on June 21, 2000; and conspiracy to commit larceny and larceny of merchandise with a value over $100 from the Powerzone on June 22.

The specification that is the subject of this appeal is the conspiracy to commit larceny from the Powerzone on June 21. Although Appellant and his co-conspirators were successful on

---

[1] Appellant was charged with three specifications of conspiracy to commit larceny; two specifications of violating a lawful order (consuming alcohol under the age of 21); three specifications of larceny; and four specifications of housebreaking.

that date in entering the building in which the Powerzone was located, they were unable to gain entry to the Powerzone itself. Therefore, unlike the conspiracy charges relating to the larceny from the Kadena Tennis Pro Shop and the June 22 larceny from the Powerzone, there was no successful larceny of the Powerzone on June 21, 2000 and consequently no merchandise was taken.

Perhaps because there was no successful completion of this conspiracy to commit larceny, there was no exchange between the military judge and Appellant concerning the value of merchandise that he and his co-conspirators intended to steal from the Powerzone on June 21. Indeed the majority recognizes that "at no point during Appellant's providence inquiry regarding Specification 2 did Appellant admit in declaratory fashion that he intended to steal more than $100 in merchandise. Nor did the stipulation of fact specify the value in question." ____ M.J. at (8).

In order to find a factual basis that Appellant intended to steal merchandise of a value of more than $100, the majority notes: "[A]ny such admission must be found in Appellant's acknowledgement that he understood the elements of Specification 2, which included a value of more than $100[.]" __ M.J. at (9).

In United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F. 2002), this Court set forth a comprehensive overview of the legal requirements in a providence inquiry:

To guard against improvident pleas under Article 45, RCM 910(e), Manual, *supra*, provides: "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" United States v. Davenport, 9 MJ 364, 367 (CMA 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the pleas of guilty. United States v. Outhier, 45 MJ 326, 331 (1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." United States v. Care, 18 USCMA 535, 541, 40 CMR 247, 253 (1969).

Upon appellate review, this Court will not overturn a guilty plea unless there is a substantial basis in law and fact for questioning the providence of the plea. United States v. Russell, 50 M.J. 99, 100 (C.A.A.F. 1999); United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). We will consider the whole record, including references to a stipulation of fact, to find that a guilty plea inquiry is adequate. See, e.g., United States v. Sweet, 42 M.J. 183 (C.A.A.F. 1995).

Looking at the entire record in this case, there is no discussion with Appellant as to whether he intended to steal more than $100 in merchandise from the Powerzone on June 21. There is no reference to the value of this merchandise in the stipulated facts. The only basis that can be found is the

following statement of the military judge, after he listed the elements of larceny in regard to Charge 1, Specification 1:[2]

> Okay, Numerous specifications on this charge sheet would normally require me to advise you again and again of the crime -- - the elements and the definitions associated with that crime. In the interest of time, we could dispense with me reading that to you over and over again if you can assure me that you understand the elements of the crime of larceny and the definitions that I have given you.

Appellant responded, "Yes, Sir." to the military judge's question as to whether he understood the elements and definitions. The mere recitation of the elements of a crime, however, and an accused's rote response is simply not sufficient to meet the requirements of Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845 (2000), United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969) and its progeny, or Rule for Courts-Martial 910 [hereinafter R.C.M.]. In recognition of this requirement, the military judge revisited Charge I, Specification 1 and specifically elicited Appellant's response to each element, including that the merchandise had a value of more than $100. The military judge failed to conduct a similar inquiry for Specification 2.

Because of the requirement for notice pleading in military practice, the specifications of charged offenses must contain factual allegations. See R.C.M. 307(c)(3). In turn, a military

---

[2] Charge I, Specification 1 charged conspiracy to commit larceny of the Kadena Tennis Pro Shop on May 27, 2000.

judge recites these factual allegations within the elements of offenses during a guilty plea inquiry.  I am not aware of a post Care case that found an adequate factual basis for a guilty plea solely from an accused's acknowledgement of the elements of an offense.  "[T]he military judge must elicit 'factual circumstances as revealed by the accused himself'[.]"  Jordan, 57 M.J. at 238 (quoting United States v. Davenport, 9 M.J. 364, 367 (C.M.A. 1980)).  Appellant himself revealed nothing about value and nothing about his specific intent to steal items of a value of over $100.[3]

Appellant's specific intent to steal merchandise of a value of more than $100 related directly to the maximum punishment. At the time of Appellant's trial, the maximum sentence for larceny of property of a value of more than $100 included five years confinement, whereas larceny of property of a value of $100 or less included confinement for only six months.  See Manual for Courts-Martial, United States (2000 ed.), Part IV, para. 46.e.(1)(a)-(b).  This distinction in the maximum

---

[3] A common sense review would lead one to the conclusion that Appellant was unlikely to conspire to steal less than $100 from the Powerzone – a conclusion that is supported by the fact that when Appellant was ultimately successful in breaking into the Powerzone, he and his co-conspirators stole approximately $10,000 in merchandise.  Common sense, however useful as it is in approaching a variety of legal issues, is not a substitute for the requirement that the record must contain the factual basis for a guilty plea.

punishment applies also to the offense of conspiracy to commit larceny. Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 5.e. The issue on appeal in this case did not merely involve a simple fact, but rather involved a distinction of consequence that was not developed properly on the record of trial.

This providence inquiry fails to meet the requirements of Article 45, Care and its progeny or R.C.M. 910. There is simply no factual predicate based upon questioning of the accused, the stipulation, or other facts in the record that establishes Appellant intended to steal property of a value over $100. The omission here is substantial.

I would affirm only so much of the finding of guilty of Specification 2 of Charge I as provides that Appellant conspired to commit larceny of merchandise of some value. However, as I am convinced that Appellant suffered no substantial prejudice with respect to sentencing, I would affirm the sentence.