UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JOSEPH W. BURKS
 United States Army, Appellant

 ARMY 20070393

 Headquarters, Fort Hood
 Charles Walters, Military Judge
 Lieutenant Colonel Richard W. Rousseau, Staff Judge Advocate

For Appellant: Major Sean F. Mangan, JA; Captain Christopher W. Dempsey,
JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 8 February 2008

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Although appellant’s
case was submitted to us on the merits, we found error in the findings of
the court-martial as described below.

 Appellant was charged, inter alia, with eleven specifications of
wrongful damage to private property, in violation of Article 109, UCMJ
(Charge I), and eleven specifications of housebreaking, in violation of
Article 130, UCMJ (Charge III). Regarding Specification 6 of Charge I, the
military judge properly advised appellant that the dollar amount of the
damage he caused was an element of the offense, but then failed to inquire
or ascertain that figure from appellant. In the absence of this
information, we referred to the stipulation of fact for resolution. The
stipulation conflicts with the charged amount of $2400.00; it lists
$1278.00 as the amount of damage caused in that offense. We amend the
finding of guilty of the figure “$2400.00” in the specification to reflect
the lesser figure “$1278.00” and affirm the finding of guilty to the
specification as amended. See United States v. Barton, 60 M.J. 62
(C.A.A.F. 2003) (Although “at no point . . . did Appellant admit in
declaratory fashion that he intended to steal more than $100 in merchandise
. . . the record says enough to objectively support an admission to each
element of the offense.”).

 Similarly, regarding Specification 11 of Charge III, the military
judge found appellant guilty of breaking into a motor pool, contrary to
information provided in the providence inquiry. Appellant agreed the
building number alleged in the specification was accurate, but specifically
told the military judge, “That was a rail head operation center building;
it wasn’t a motor pool. I remember this because it was the night I was
arrested.” The military judge replied, “Okay. So you’re saying it wasn’t
in fact a motor pool. It was some type of other building?” Appellant
responded, “Yes, Your Honor.” We amend the finding of guilty of the words
“motor pool” in the specification to reflect the words “railhead operation
center” and affirm the finding of guilty to the specification as amended.

 The remaining findings of guilty are affirmed. Reassessing the
sentence on the basis of the error noted, the entire record, and applying
the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and
United States v. Moffeit, including Judge Baker’s concurring opinion, 63
M.J. 40, 43 (C.A.A.F. 2006), the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court