UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Staff Sergeant DAPHIAN V. CRENSHAW
 United States Army, Appellee

 ARMY 20080760

 Headquarters, United States Army Armor Center and Fort Knox
 Patrick J. Reinert, Military Judge
 Colonel Lisa Anderson-Lloyd, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Lieutenant Colonel Jonathan F. Potter, JA; Lieutenant Colonel
Norman R. Zamboni, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA (on
brief).

 30 July 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of thirty specifications of fraud against
the United States in violation of Article 132, Uniform Code of Military
Justice, 10 U.S.C. § 932 [hereinafter UCMJ]. Contrary to his plea,
appellant was convicted of one specification of forgery in violation of
Article 123, UCMJ. The military judge sentenced appellant to a bad-conduct
discharge, eight months of confinement, and reduction to the grade of E-1.
The convening authority approved only so much of the sentence as provided
for five months of confinement and otherwise approved the adjudged
sentence.

 On appeal, appellant raises two assignments of error.[1] While we
find the first assignment of error lacks merit, the second assignment of
error is meritorious. We grant relief below.

 Appellant was charged with thirty specifications of fraud against the
United States in Charge II. In Specification 18, the government alleged
appellant committed a fraud against the United States by presenting a
travel voucher for the month of November 2006, claiming he had paid $1,800
in lodging costs for the month. At trial, appellant pled guilty to all
specifications of Charge II and Charge II. During the providence inquiry,
the military judge discussed with appellant each of the thirty
specifications, except he omitted any discussion about Specification 18.

 During a guilty plea, Rule for Courts-Martial [hereinafter R.C.M.]
910(e) requires a military judge to conduct an inquiry with an accused to
ensure there is a factual basis for his plea. R.C.M. 910(e). The military
judge must personally question the accused about what he did in order to
make “clear the basis for a determination . . . whether [appellant’s acts]
constitute the offense or offenses to which he is pleading guilty.” United
States v. Care, 40 C.M.R. 247, 353; 18 U.S.C.M.A. 535, 541 (1969). The
accused must admit every element of the offense to which he has pled
guilty. See R.C.M. 910(e) discussion. The military judge must obtain,
from the accused, “an adequate factual basis to support the plea.” United
States v. Nance, 67 M.J. 362, 365 (C.A.A.F. 2009) (citing United States v.
Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008)). See also United States v.
Barton, 60 M.J. 62, 64 (C.A.A.F. 2004) (The accused himself must reveal
factual circumstances that objectively support that plea.) We review a
military judge’s decision to accept a guilty plea for an abuse of
discretion. United States v. Eberle, 44 M.J. 374, 374 (C.A.A.F. 1996).

 In this case, appellant claims and the government concedes, the
military judge erred in accepting his plea of guilty to Specification 18 of
Charge II because he failed to establish an “adequate factual basis to
support the plea” from the accused. See Nance, 67 M.J. at 365. We agree.

 During appellant’s guilty plea, the military judge asked appellant
various questions regarding each specification, including whether appellant
filed a claim with the Defense Finance and Accounting Office (DFAS),
whether he knew the claim was false when he filed it, how he transmitted
the travel voucher to DFAS, and the dollar amounts of each voucher. While
the military judge conducted an inquiry with appellant regarding
Specifications 1-17 and Specifications 19-30, he simply failed to conduct
the same inquiry with regard to Specification 18. As appellant did not
enter into a stipulation of fact with the government, the trial record
contains no factual predicate to establish the elements of Specification 18
of Charge II.

 Accordingly, we set aside the finding of guilty of Specification 18 of
Charge II and dismiss the specification. The remaining findings of guilty
are affirmed. Reassessing the sentence on the basis of the error noted,
the entire record, and in accordance with the principles of United States
v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including
Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), the court
affirms the sentence.

 We have also considered the matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) and find
them to be without merit.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant’s assignments of error follow:

 I.

 THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A
 FINDING OF GUILTY TO HE SPECIFICATION OF CHARGE I (FORGERY)
 BECAUSE THE ALTERED LEASE AGREEMENT DID NOT AFFECT SSG HAYWARD’S
 RIGHT TO RESIDE AT THE APARTMENT HE SHARED WITH APPELLANT.

 II.

 APPELLANT’S PLEA OF GUILTY TO SPECIFICATION 18 OF CHARGE II
 (FRAUD AGAINST THE UNITED STATES) WAS IMPROVIDENT BECAUSE THE
 MILITARY JUDGE FAILED TO CONDUCT A PROVIDENCE INQUIRY AS TO THAT
 SPECIFICATION.