**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant MICHAEL L. MITCHELL**
**United States Air Force**

**ACM 38254**

**5 June 2014**

Sentence adjudged 14 September 2012 by GCM convened at Little Rock Air Force Base, Arkansas. Military Judge: Natalie D. Richardson.

Approved Sentence: Bad-conduct discharge, confinement for 6 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Matthew T. King and Major Grover H. Baxley

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Nurit Anderson; and Gerald R. Bruce, Esquire.

Before

MARKSTEINER, HECKER, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

Consistent with his pleas, the appellant was convicted at a general court-martial of six specifications of child endangerment by culpable negligence, in violation of Article 134, UCMJ, 10 U.S.C. § 934. A panel of officer and enlisted members sentenced him to a bad-conduct discharge, confinement for 6 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant raises one issue on appeal: whether his guilty plea to four of the specifications of child endangerment was improvident because there was an insufficient

factual predicate to demonstrate that those children suffered "actual harm." Finding no error that materially prejudices a substantial right of the appellant, we affirm.

"[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In doing so, "we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.*; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (holding that a guilty plea should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). "An accused must know to what offenses he is pleading guilty." *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008). A military judge's failure to explain the elements of a charged offense is error. *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)). If an accused makes statements during trial that are inconsistent with the elements required for the charged offense, the military judge must resolve those inconsistencies before accepting the plea. *United States v. Bullman*, 56 M.J. 377, 382-83 (C.A.A.F. 2002).

The offense of child endangerment under Article 134, UCMJ, includes the requirement that a child's "mental or physical health, safety, or welfare" be endangered by the appellant's culpable negligence. *Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 68a.b.(3) (2012 ed.). "'Endanger' means to subject one to a reasonable probability of harm." *MCM*, Part IV, ¶ 68a.c.(5). Culpable negligence "may include acts that, when viewed in the light of human experience, might foreseeably result in harm to a child, even though such harm would not necessarily be the natural and probable consequences of such acts." *MCM*, Part IV, ¶ 68a.c.(3). For this offense, actual harm to the child need not occur as the offense only requires that the appellant's actions reasonably could have caused physical or mental harm or suffering. *MCM*, Part IV, ¶ 68a.c.(4). If the appellant's conduct *did* result in harm, the potential maximum sentence to confinement increases from 1 year to 2 years. *MCM*, Part IV, ¶ 68a.e.(5)-(6). Here, the Government charged the appellant with causing actual harm ("mental injury") to the children, and the maximum sentence the appellant faced reflected his conviction for that offense.

On appeal, the appellant now contends that his guilty plea to endangering two of the children must be set aside because the guilty plea inquiry failed to elicit sufficient evidence that the children suffered actual harm as a result of his behavior. We disagree. During the providency inquiry, the military judge explained the elements of this offense, including the requirement that the children must have experienced actual mental injury as a result of his conduct. During specific questioning by the military judge and through a

stipulation of fact, the appellant admitted on multiple occasions that his actions had caused the two children to suffer mental injury, and we do not find a substantial basis in law or fact to question the providency of his guilty plea. The stipulation of fact itself demonstrates that the elements of this offense are all met. Furthermore, even if his plea was improvident as to the "actual harm" element, we would still affirm the appellant's convictions for endangering these two children and would reassess the sentence to the adjudged and approved sentence: a bad-conduct discharge, confinement for 6 months, and reduction to E-1. *See United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013); *United States v. Peoples*, 29 M.J. 426, 427-28 (C.M.A. 1990).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist