**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class THOMAS N. PATTERSON**
**United States Air Force**

**ACM 38031 (recon)**

**13 August 2014**

Sentence adjudged 22 September 2011 by GCM convened at McConnell Air Force Base, Kansas. Military Judge: J. Wesley Moore (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 20 months, and reduction to E-1.

Appellate Counsel for the appellant: Lieutenant Colonel Maria A. Fried; Major Matthew T. King; and Major Daniel E. Schoeni.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

Before a general court-martial composed of a military judge alone, the appellant pled guilty to knowingly and wrongfully possessing on divers occasions video and photographic "visual depictions of minor children" engaged in sexually explicit conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge determined the

---

[1] The single Charge and its Specification alleged, in the disjunctive, a violation of either clause 1 or clause 2 of the terminal element of Article 134, UCMJ, 10 U.S.C. § 934.

maximum punishment by reference to 18 U.S.C. § 2252A(b)(2), which sets maximum confinement at 10 years for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). The court adjudged a bad-conduct discharge, confinement for 20 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, he raised five issues for our consideration, averring: (1) the adjudged punishment was illegal; (2) the record of trial was incomplete due to its omission of an audible version of the appellant's interview with Air Force Office of Special Investigations (AFOSI) agents; (3) the military judge abused his discretion in denying the appellant's motion to compel discovery concerning whether the confidential source that first reported the appellant's misconduct lied about the unsecured nature of the appellant's computer network; (4) trial counsel engaged in improper sentencing argument; and (5) trial counsel improperly questioned a defense sentencing witness about uncharged misconduct.[2]

On 14 May 2013, we issued a decision affirming the findings and sentence. *United States v. Patterson*, ACM 38031 (A.F. Ct. Crim. App. 14 May 2013) (unpub. op.). Mr. Soybel was a member of the panel that decided the case. Following Mr. Soybel's appointment by the Secretary of Defense on 25 June 2013, we reconsidered the decision sua sponte and on 18 July 2013 issued a new opinion upon reconsideration. *United States v. Patterson*, ACM 38031 (recon) (A.F. Ct. Crim. App. 18 July 2013). Mr. Soybel was again a member of the panel. On 19 September 2013, the appellant filed a petition for grant of review with our superior court. *See United States v. Patterson*, 73 M.J. 51 No. 14-0050/AF (Daily Journal 19 September 2013). On 31 October 2013, our superior court dismissed the appellant's petition for review without prejudice and converted the appellant's motion to vacate, then pending before this Court, into a motion for

---

[2] The appellant raised the last three of these issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

reconsideration. *United States v. Patterson*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the appellant's motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. In a supplemental assignment of error, the appellant asserts he is entitled to relief due to unreasonable appellate delay. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. We affirm the findings and sentence.

*Background*

In early 2011, AFOSI agents received information that the appellant possessed computer files of child pornography. The agents received authorization to seize and search his computer media devices, and the resulting search revealed several images and videos of child pornography. Soon after the seizure of the computer media devices, AFOSI agents questioned the appellant pursuant to a rights advisement. The appellant readily confessed to knowingly possessing several files of child pornography.

*Maximum Punishment*

The appellant relies on *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011), to argue that the maximum punishment provided for in 18 U.S.C. § 2252A does not apply because the Specification fails to allege the aggravating circumstance that the children in the images were *actual* minors. We disagree. Unlike the specification in *Beaty*, the Specification here did not allege that the images were of only "what appears to be" minors. Moreover, *Beaty* expressly found no abuse of discretion in using the analogous United States Code maximum for a specification alleging possession of "visual depictions of minors engaging in sexually explicit activity." *Beaty*, 79 M.J. at 42.

Consistent with *Beaty* and *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014), when all the elements of a federal crime, except the jurisdictional element, are included in a clause 1 or 2 Article 134, UCMJ, specification, the analogous federal statute provides the maximum punishment. The charged crime here is punishable as authorized by the United States Code section, referenced by the military judge, criminalizing possession of "child pornography." The term "child pornography" includes any visual depiction of sexually explicit conduct where (1) the visual depiction involves "the use of *a minor* engaging in sexually explicit conduct" or (2) the "visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of *a minor* engaging in sexually explicit conduct."

18 U.S.C. § 2256(8)(A), (B) (emphasis added). Consistent with this definition of child pornography, the Specification alleges the wrongful and knowing possession of video and photographic visual depictions of "minor children" engaging in sexually explicit conduct. Therefore, the military judge correctly used the punishment authorized for possession of child pornography under 18 U.S.C. § 2252A(a)(5) for purposes of determining the maximum punishment. *See* Rule for Courts-Martial 1003(c)(1)(B)(ii) (providing that an offense not listed in or closely related to one listed in the *Manual for Courts-Martial* is punishable as authorized by the United States Code).

Alternatively, the appellant argues the plea inquiry was improvident as to "actual minors" because the military judge failed to establish the appellant possessed images of actual minors. We review the military judge's acceptance of the plea for an abuse of discretion, while any question of law created by that plea is reviewed de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test [and look for] something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). "An accused must know to what offenses he is pleading guilty," *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008), and a military judge's failure to explain the elements of the charged offense is error. *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)).

Here, we find nothing that would raise a substantial question regarding the appellant's guilty plea. The military judge correctly defined minor as "any person under the age of 18 years" and told the appellant that to be guilty of the charged offense he must have knowingly possessed "sexually explicit images of minor children." After acknowledging his understanding of the elements and definitions, the appellant told the judge that he found the images by searching the internet for files that contained images of "minors engaged in some sort of sexual activity." Specifically as to the age, he told the judge that the persons in the images were "[a]nywhere from 17, all the way down to—I think there may have been two infants." The judge asked the appellant if he had any doubt that he knowingly possessed images of children engaged in sexually explicit conduct. The appellant replied, "No, sir, no doubt." In consideration of the entire inquiry we find no substantial basis to question the appellant's guilty plea.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id*. at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). However, when a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

This case was originally docketed for appellate review on 27 October 2011, and this Court rendered a decision upon reconsideration on 18 July 2013. Presuming without deciding that this entire period is considered together, this exceeded the 18-month standard established in *Moreno* and is therefore facially unreasonable. We have examined the *Barker* factors to determine whether the appellant suffered from a due process violation as a result of the delay. We find that no such due process violation occurred in the delay leading up to this Court's 18 July 2013 decision. In particular, the appellant has made no showing of prejudice under the fourth *Barker* factor. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

As for the time that has elapsed since this Court's 18 July 2013 decision, we find no due process violation. The time between our superior court's action to return the record to our Court for our action and this decision did not exceed 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136. Assuming the total appellate processing of this case raises a presumption of unreasonable delay, we again conclude the delay was harmless under the *Barker* analysis.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224

(C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing in any stage of the appellate review of this matter. The reason for the delay between 18 July 2013 and our opinion today was to allow this Court and our superior court to fully consider a constitutional issue of first impression: whether the Secretary of Defense has the authority under the Appointments Clause[3] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Remainder of Originally Raised Issues*

We summarily reject the remaining issues as lacking merit. *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987). Concerning the allegation that the record of trial is incomplete, the Court was able to hear the audio of the interview without difficulty. Concerning the military judge's refusal to compel discovery, the military judge ordered the Government to produce the requested information for an *in camera* review. The military judge reviewed the material concerning the confidential source and determined no responsive information existed. This Court's review of this material convinces us likewise. The last two issues raised by the appellant similarly lack merit, as we see nothing improper about trial counsel's sentencing argument (with limitations appropriately noted by the military judge) or his questioning of the defense sentencing witness. We see no reason to analyze these issues further.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[3] U.S. CONST. art II § 2, cl 2.