**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman LUIS A. SALGUERO**
**United States Air Force**

**ACM 38767**

**6 January 2016**

Sentence adjudged 18 December 2014 by GCM convened at Joint Base Pearl Harbor-Hickam, Hawaii. Military Judge: Matthew P. Stoffel (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 2 years, reduction to E-1, and forfeiture of all pay and allowances.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Captain Rebecca A. Magnone and Gerald R. Bruce, Esquire.

Before

HECKER, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

A general court-martial, composed of a military judge alone, convicted Appellant, consistent with his pleas, of desertion terminated by apprehension, possessing digital

videos of child pornography, and possessing and viewing 41 images of child pornography, in violation of Articles 85 and 134, UCMJ, 10 U.S.C. §§ 885, 934.[1]

The military judge sentenced Appellant to a dishonorable discharge, confinement for 3 years, reduction to E-1, and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority approved the dishonorable discharge, confinement for 2 years, reduction to E-1, and forfeiture of all pay and allowances.

Although not raised by Appellant, we address whether an accused's plea to possessing and viewing child pornography under Article 134, UCMJ, is provident where his generalized explanations as to why he believed he was guilty of the offense did not extend to two images listed in the specification.[2] We find the plea as to these two images improvident. The plea is provident as to the remaining images and videos. We, therefore, modify the findings by exception and affirm the modified findings and the sentence.

*Background*

Appellant was a first-term Airman assigned to Joint Base Pearl Harbor-Hickam, Hawaii. While Appellant was on leave in Utah in February 2013, local civilian police arrested him for enticing a minor over the Internet and having sexual relations with a child under the age of 16. These allegations were investigated by local Utah law enforcement.

During the course of the Utah investigation, Appellant admitted to viewing child pornography on his personal computer in Hawaii. In March 2013, investigators with the Air Force Office of Special Investigations (AFOSI) searched Appellant's Hawaii residence and seized his laptop computer and external hard drive. Through forensic analysis, investigators ultimately identified child pornography images and digital videos on these seized items. These recovered images and video files were the basis for the child pornography offenses.

Prosecutors in Utah intended to prosecute Appellant for the enticement offenses that occurred there, while the Air Force intended to prosecute Appellant for the child pornography offenses that occurred in Hawaii. Before any of these offenses could go to trial, however, Appellant fled to Estonia in May 2013. In December 2013, Appellant was apprehended at a New York airport while attempting to re-enter the country. After being returned to Utah and pleading guilty to multiple offenses there, Appellant was incarcerated in a state facility. He was released from confinement in Utah in December

---

[1] Appellant pleaded not guilty to possessing and viewing four other images of child pornography and the military judge found Appellant not guilty as to those images.
[2] We specified this issue to appellate counsel and allowed them an opportunity to provide briefs.

2014. Military investigators immediately apprehended him and returned him to Air Force custody. His absence from the military was the basis for the desertion charge.

*Providency of Plea*

Although we review questions of law from a guilty plea de novo, we review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In order to prevail on appeal, the appellant has the burden to demonstrate "a substantial basis in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted). The "mere possibility" of a conflict between the accused's plea and statements or other evidence in the record is not a sufficient basis to overturn the trial results. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting *Prater*, 32 M.J. at 436) (internal quotation marks omitted). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 40 C.M.R. 247, 250–51 (C.M.A. 1969)). We "examine the totality of the circumstances of the providence inquiry, including the stipulation of fact, as well as the relationship between the accused's responses to leading questions and the full range of the accused's responses during the plea inquiry." *United States v. Nance*, 67 M.J. 362, 366 (C.A.A.F. 2009).[3]

When a charge may implicate both criminal and constitutionally protected conduct, the distinction about what is prohibited is a matter of critical significance and the colloquy between the accused and the military judge "must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior." *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011). This requirement applies to cases where an accused is charged with possessing images of minors that may implicate the protections of the First Amendment.[4] *See United States v. Moon*, 73 M.J. 382, 387 (C.A.A.F. 2014); *United States v. Anderson*, Army 20080669 (Army Ct. Crim. App. 10 September 2010) (unpub. op.) (finding a plea to possession of child pornography improvident where there was not a sufficient colloquy between the military judge and the accused about whether the images were known minors engaged in sexually explicit conduct, or why the images met the definition of "sexually explicit conduct").

Appellant pleaded guilty to a specification that stated he knowingly and wrongfully possessed child pornography, and that listed the file names of the 4 videos

---

[3] Although the Government invites this court to analyze this issue as one of legal and factual sufficiency, we decline to do so. This was not a litigated case. This was a guilty plea. In a guilty plea context, the issue is not legal or factual sufficiency, but whether the plea is provident. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996).

[4] U.S. CONST. amend I.

and 41 images that constituted this offense. Appellant also pleaded guilty to a specification that stated he knowingly and wrongfully viewed child pornography, and that listed the same 41 images as the possession specification, but omitted the four digital videos. Each specification included the two files at issue here.

During the providence inquiry, the military judge advised Appellant that "child pornography" is either a "visual depiction of an actual minor engaging in sexually explicit conduct" or "an obscene visual depiction of . . . what appears to be a minor engaging in sexually explicit conduct." The military judge further advised Appellant that "sexually explicit conduct" means actual or simulated "sexual intercourse or sodomy, including genital-to-genital, oral-to-genital, anal-to-genital, or oral-to-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genital or pubic area of any person."

The stipulation of fact described each image and digital video that Appellant admitted, through his guilty plea, was a minor engaged in sexually explicit conduct. All 45 items were included on a DVD attached to the stipulation of fact. As to the two images in the specified issue, the stipulation of fact described the first as "one minor female wearing no clothes with semen on her chest and stomach," and the second as "a topless minor female with semen on her chest." Appellant agreed that the matters contained in the stipulation were true and correct to the best of his knowledge and belief. The stipulation of fact did not further explain how these two images constituted "sexually explicit conduct" as defined by the military judge.

At trial, Appellant told the military judge he had not recently seen the images referenced in the specifications.[5] Appellant explained his attorney had reviewed each file, and, after consulting with his attorney, he was aware of the nature and contents of the files. Rather than describing any particular image, he explained generally that each file depicted one or more minors engaging in some form of sexually explicit conduct. He admitted all of the images and videos were obscene and that he was confident each contained visual depictions of an actual child under the age of 18.

The military judge later asked Appellant:

> MJ: Did each of these images contain at least one minor, who is engaged in sexually explicit conduct?
>
> ACC: Yes, sir.

---

[5] Although it was not clear from the record exactly when Appellant last viewed the images, presumably it was prior to them being seized by investigators in March 2013. Appellant fled the military in May 2013 and was returned to military custody in December 2014 (the same month as his trial). Although there is no requirement that an accused personally review images of child pornography prior to or while pleading guilty to an offense involving them, such a lengthy gap can make it more difficult for an accused to provide a sufficient factual basis for a plea.

MJ:  What type of sexually explicit conduct?

[Pause as the accused conferred with defense counsel.]

ACC:  Some were depicted with . . . performing oral sex, some were depicted performing vaginal sex, some were depicted performing anal sex, and some depicted females showing . . . displaying their genitals.

[Pause as the accused conferred with defense counsel.]

And some depicted masturbation.

MJ:  Were there also images that contained lascivious exhibition of the genitals or pubic area?

ACC:  Yes, sir.

The two images in the specified issue, however, do not depict "sexually explicit conduct" under any of these definitions or theories as they do not depict a minor engaging in sexual intercourse, sodomy, or masturbation.  Similarly, the two images are "waist up" pictures and thus do not constitute a lascivious exhibition of the child's "genitals or pubic area."  *See United States v. Piolunek*, 72 M.J. 830, 837 (A.F. Ct. Crim. App. 2013) (finding that images of a nude minor did not contain an exhibition of the child's genitals or pubic area), *aff'd*, 74 M.J. 107 (C.A.A.F. 2015); *United States v. Wilkins,* 71 M.J. 410, 413 n.1 (defining "genitalia" as "the organs of the reproductive system").  Appellant did not specifically explain why he thought these images depicted minors engaged in "sexually explicit conduct" as defined by the military judge.  *See Hartman*, 69 M.J. at 468–69.  Although Appellant said he understood that each image depicted some form of sexually explicit conduct and later answered "yes" to the military judge when asked whether all of the images collectively depicted minors engaged in sexually explicit conduct, these conclusory statements are not a sufficient factual basis to sustain his plea as to these two images, when considered within the totality of the plea inquiry.  *See United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (holding legal conclusions alone are not sufficient to support a guilty plea.)

Apparently recognizing this problem, the Government now asserts the two images constitute child pornography because they depict the "sadistic abuse" of a minor child, a category which is included in the broad definition of "sexually explicit conduct" found in Article 134, UCMJ.  Citing to various federal court decisions defining "sadism" in this context, the Government argues these two images meet this definition because it is humiliating and degrading for a child to pose in a provocative manner with semen on her chest.  Regardless of whether the two images could fall into this category of "sexually explicit conduct," this was not the rationale relied upon by Appellant and used by the

military judge to support the plea. The term "sadistic abuse" was only referenced when the military judge was providing the general definition of "child pornography" and the term was never defined for Appellant. At no point in the stipulation of fact or in the colloquy with the military judge did Appellant articulate that he believed these two images were sadistic. Given this, the guilty plea cannot be found provident under this theory. *See Medina*, 66 M.J. at 16 ("[A]n accused has a right to know to what offense and under what legal theory he or she is pleading guilty."); *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004) ("An essential aspect of [accurately] informing [an a]ppellant of the nature of the offense is a correct definition of legal concepts. The judge's failure to do so may render the plea improvident."); *cf. Moon*, 73 M.J. at 387 n.3 ("It matters not whether . . . the photos . . . could have qualified as child pornography under some other definition that was not provided . . . during the plea inquiry: no one treated them as such at trial and thus the plea inquiry cannot be saved as provident to a different offense on appeal.").

We find Appellant's plea provident, however, as to the remaining images and digital videos. Having reviewed these files, we find they depict minors engaged in the specific categories of sexually explicit conduct that Appellant recited to the military judge. His plea was, therefore, provident for these images and videos.[6]

*Reassessment*

Having found error regarding Appellant's guilty plea, we must consider whether we can reassess the sentence or whether we must return the case for a rehearing on sentence. This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has often held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

Here, we are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by Appellant's case and in accordance with the principles articulated by our superior court in *Winckelmann* and *Sales*. In evaluating the *Winckelmann* factors, we first note this error

---

[6] Appellant's unsuccessful attempt to providently plead to the other two images of child pornography does not evidence a fundamental misunderstanding of how the law related to the other images. *Cf. United States v. Blouin*, 74 M.J. 247, 251–52 (C.A.A.F. 2015) (holding a plea improvident where the military judge's determination that some images did not constitute child pornography after the appellant pled guilty raised a question as to sufficiency of the plea where the record did not set forth a sufficient basis to demonstrate the accused understood the application of the law to the images he was pleading guilty to possessing). The problem with the providency as to the two images was not Appellant's misunderstanding of the law or how it applied in his case, but merely a failure of the military judge to adequately discuss with Appellant how two of the images depicted "sexually explicit conduct."

caused no change in the penalty landscape. *See Winckelmann*, 73 M.J. at 15–16. Second, Appellant pled guilty in a judge alone court-martial. *See id.* at 16. Third, we find the nature of the remaining offenses captures the gravamen of the original charges and the significant circumstances surrounding Appellant's conduct, including his possession and viewing of the two images discussed above, remain admissible and relevant to the remaining offenses. *See id.*; Rule for Courts-Martial 1001(b)(4); *United States v. Nourse*, 55 M.J. 229, 231–32 (C.A.A.F. 2001). Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. *See Winckelmann*, 73 M.J. at 16.

Having concluded we can reassess Appellant's sentence, we affirm the sentence as approved by the convening authority. Based on the totality of the circumstances in this court-martial, we are satisfied that absent the error the military judge would have adjudged no less than the approved sentence of a dishonorable discharge, confinement for 2 years, reduction to E-1, and forfeiture of all pay and allowances.

*Conclusion*

The finding of guilty as to Charge I and its Specification is affirmed. The findings of guilty as to Charge II and its two specifications are affirmed, excepting the language "256_e018f91ab2557efd.jpg;" and "256_74541f035ba36b4a.jpg."

The findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

7                                                                                         ACM 38767