UNITED STATES, Appellant,

v.

Russell E. FAIRCLOTH, Jr., Airman,
U.S. Air Force, Appellee.

No. 96–5001.
Crim.App. No. S29049.

U.S. Court of Appeals for
the Armed Forces.

Argued June 25, 1996.

Decided Sept. 27, 1996.

For the Accused: *Captain Harold M. Vaught* (argued); *Colonel Jay L. Cohen* (on brief).

For the United States: *Major LeEllen Coacher* (argued); *Colonel Jeffery T. Infelise* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting alone as a special court-martial at Shaw Air Force Base, South Carolina, convicted Airman Faircloth, in accordance with his pleas, of forgery, larceny, failure to obey a lawful order, and drunk driving, in violation of Articles 123, 121, 92, and 111, Uniform Code of Military Justice, 10 USC §§ 923, 921, 892, and 911, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 45 days, and reduction to the lowest enlisted grade. The Court of Criminal Ap-

peals affirmed the findings, except the larceny conviction which it set aside * on the ground that Airman Faircloth's guilty plea was improvident, and reassessed the sentence to provide for only a bad-conduct discharge. 43 MJ 711 (1995).

The Judge Advocate General certified the following question:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN THEY FOUND APPELLANT'S GUILTY PLEA TO LARCENY WAS NOT PROVIDENT.

The specific issue is whether Airman Faircloth admitted facts sufficient to constitute larceny. The Court of Criminal Appeals held that he did not. We disagree and answer the certified question in the affirmative.

After explaining the elements of forgery, the military judge asked Faircloth to tell him what happened. Faircloth explained that he wrecked his automobile and that his insurance company sent him a check made payable to Faircloth and Ford Motor Credit Corporation (FMCC). The dealer, McLaughlin Ford, was in the process of repairing the automobile. Faircloth understood that he "was supposed to give the check to McLaughlin Ford for repairs on my vehicle." He endorsed the check but found that he could not cash it without the signature of an FMCC representative. Faircloth told the military judge he needed money to pay other obligations, so he signed the name, "Charles McLaughlin," the apparent namesake of McLaughlin Ford, stamped it with a homemade stamp that said, "Ford Motor Credit," and cashed the check. Faircloth admitted that he understood that FMCC was supposed to receive all the money and that he was not entitled to any of it. The military judge asked Faircloth why he believed that his acts "operate to the legal harm of another and in this case the Ford Motor Credit Corporation." Faircloth explained, "Because they repaired the vehicle and it was—and they spent money in order to repair it and that—the money was theirs." Faircloth admitted that he was not acting as an agent of

FMCC and had no legal authority to sign the check or take the money.

At defense counsel's request, the military judge inquired further into the relationships among Airman Faircloth, McLaughlin Ford, and FMCC. Faircloth explained that McLaughlin Ford repaired the automobile, and that FMCC had financed the vehicle and had a lien on it. In response to the military judge's questions, Faircloth explained further that the proceeds of the check belonged to McLaughlin Ford and that he took it from McLaughlin Ford, which was a representative of FMCC. He explained that his taking was wrongful "[b]ecause the currency was given to me in order to pass to McLaughlin Ford for fixing my vehicle. It was not mine to keep." Faircloth admitted that he cashed the check and obtained the proceeds on August 30, 1994, the date alleged.

The Court of Criminal Appeals was troubled by the law pertaining to co-payees on negotiable instruments. In a split opinion, the court held that appellant's guilty plea to larceny was improvident. In the lead opinion, Judge Morgan, speaking for the majority, concluded:

Under the circumstances of this case, we doubt that the offense of larceny under Article 121 can be supported at all. Complex legal relationships of copayees on a negotiable instrument, the civil-commercial context in which the rights and obligations of each party in interest are ascertained, and the nature of inchoate interests in tangible property, do not lend themselves to a legally supportable conclusion, *beyond a reasonable doubt*, that one party or the other has a clearly superior possessory interest in a jointly held negotiable instrument. . . .

We conclude, therefore, that the failure to establish a superior possessory right of FMCC in the proceeds of the check in any liquidated amount, much less $3,463.74, as a matter of law, means that he cannot be convicted of that charge.

43 MJ at 716.

Judge Becker, concurring in the result, concluded:

and its specification.

* This had the legal effect of dismissing Charge II

[A]s a matter of law, neither the appellant nor FMCC had a right to possession of the check proceeds greater than that of the other. This is because a check made to the order of two co-payees, and not in the alternative, may be enforced only by both persons acting jointly. U.C.C. 3–116(b) (adopted in South Carolina at S.C.Code Ann. § 36–3–116(b) (1993)).

43 MJ at 717.

Senior Judge Pearson concurred in part and dissented in part. His approach is encapsulated in the following:

[T]his is a guilty plea, folks. Whether someone is an "owner" or "any other person" is a matter of proof which an accused may contest at trial. By pleading guilty, appellant knowingly waived a trial of the facts as to that issue.

43 MJ at 718.

We think that Senior Judge Pearson's opinion is on the mark. Because Faircloth pleaded guilty, the issue must be analyzed in terms of providence of his plea, not sufficiency of the evidence. Article 45(a), UCMJ, 10 USC § 845(a), requires that a military judge set aside a guilty plea if an accused "sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect." RCM 910(e), Discussion, Manual for Courts–Martial, United States (1995 ed.), requires that the military judge explain the elements of the offense and ensure there is "a factual basis for the plea." Then, "the accuse[d] must be convinced of, and able to describe all the facts necessary to establish guilt." RCM 910(e), Discussion.

■ There is no requirement "that any witness be called or any independent evidence be produced to establish the factual predicate for the plea." The factual predicate is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea...." *United States v. Davenport*, 9 MJ 364, 367 (CMA 1980).

■ We will not overturn a military judge's acceptance of a guilty plea based on a "mere possibility" of a defense. The record must "show a 'substantial basis' in law and fact for" rejecting the plea of guilty. *United States v. Prater*, 32 MJ 433, 436 (CMA 1991). We also will not "speculate post-trial as to the existence of facts which might invalidate an appellant's guilty pleas." *United States v. Johnson*, 42 MJ 443, 445 (1995).

■ Article 121 encompasses more than common-law larceny. It also proscribes embezzlement and obtaining goods or money under false pretenses. *See* para. 46c(1)(a), Part IV, Manual, *supra; United States v. Antonelli*, 35 MJ 122, 124 (CMA 1992). Unlike joint tenants in a bank account, who each have equal legal rights to the entire proceeds of the account, co-payees may have differing levels of possessory interests depending on circumstances independent of the issuance of the check. Judge Becker's observation that a check made payable to two co-payees "may be enforced only by both persons acting jointly" (43 MJ at 717) is true but of little assistance in resolving this case. This case is not about enforcement of a check but about the rights of co-payees vis-a-vis each other. A lien or security agreement can give one co-payee a superior possessory interest. *See United States v. Faust*, 850 F.2d 575, 579 (9th Cir.1988); W. Lafave & A. Scott, 2 *Substantive Criminal Law* § 8.4(c) at 355 (1986).

■ We hold that the court below erred. As a matter of law, it was possible for FMCC to have a superior possessory interest in the proceeds. As a matter of fact, Faircloth admitted that FMCC had a superior possessory interest, and he explained in considerable detail, couched in a layman's terms, the factual predicate for FMCC's superior possessory interest. Faircloth said nothing inconsistent with a guilty plea. Accordingly, there was no legal or factual basis to overturn his plea.

The decision of the United States Air Force Court of Criminal Appeals is set aside.

The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further review.

Chief Judge COX, Judges SULLIVAN and CRAWFORD, and Senior Judge EVERETT concur.