# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TIMOTHY C. MARTUCCI**
**United States Army, Appellant**

ARMY 20090572

Headquarters, U.S. Army Field Artillery Center and Fort Sill
Timothy P. Hayes, Military Judge (arraignment)
Gregory A. Gross, Military Judge (trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Jonathan A. Kent, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain A. Jason Nef, JA (on brief); Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on reply brief).

For Appellee: Major Amber Williams, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg (on brief).

27 January 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of absence without leave, flight from apprehension, wrongful appropriation, and carrying a concealed weapon, in violation of Articles 86, 95, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895, 921, and 934 [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, para. 112.b. The military judge also convicted appellant, contrary to his pleas, of assault upon a noncommissioned officer, being disrespectful in language toward a noncommissioned officer, and forgery, in violation of Articles 91 and 123, UCMJ. The court-martial sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of Private E1. The military judge recommended the bad-conduct discharge be suspended. The convening authority approved the sentence as adjudged.

MARTUCCI—ARMY 20090572

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial, appellant's assignments of error, those matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the government's answer and appellant's reply brief. Appellant's assignments of error warrant brief discussion and partial relief.

Appellant first asserts that the evidence is legally insufficient to support a finding of guilty to the forgery charge. The government concedes the error. We agree and find the evidence legally insufficient to support appellant's conviction for forgery.

Second, appellant asserts that the military judge abused his discretion by accepting his plea of guilty to the charge of wrongful appropriation. He argues that the military judge failed to reconcile a factual inconsistency relative to the alleged owner of the money appropriated and that the victim identified and accepted as such by appellant could not actually have been the owner of the money appropriated. He also argues that the record fails to sufficiently establish the fact of a false pretense as method for the wrongful appropriation. The former claim here warrants brief remark: we reject appellant's assertion pursuant to *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996).

Third, appellant asserts, and we agree, that the military judge abused his discretion by accepting his plea to flight from apprehension. Appellant did not admit to facts sufficient to establish flight from apprehension but, rather, admitted to facts that establish the offense of escape from custody. Because escape from custody is not a lesser-included offense and because the closely-related offense doctrine has been abrogated, we find a substantial basis in fact and law to disapprove appellant's conviction for flight from apprehension. *United States v. Morton*, 69 M.J. 12, 16 (C.A.A.F 2010). *See also United States v. Edwards*, 69 M.J. 375 (C.A.A.F. 2011).

Lastly, appellant asserts that the military judge abused his discretion by accepting his plea to carrying a concealed weapon because there was no evidence that carrying a concealed weapon was unlawful under the circumstances and because the terminal elements were not pled in the specification alleging the offense. The former assertion is without merit. *See Faircloth*, 45 M.J. at 174; *United States v. Johnson*, 42 M.J. 443, 445 (C.A.A.F. 1995). As to the latter, before this court appellant asserts for the first time that the specification alleging carrying of a concealed weapon fails to state an offense because it does not contain reference to a terminal element under Article 134, UCMJ. However, because appellant failed to challenge the specification at trial, reference to Article 134 was properly made in the relevant charge, and the specification otherwise properly alleged the offense for which appellant was convicted, the terminal elements are implied and relief for any defects in the specification is not warranted. *See United States v. Fosler*, 70 M.J. 225, 231 (C.A.A.F. 2011); *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A.

MARTUCCI—ARMY 20090572

1986); *United States v. Roberts*, 70 M.J. 550 (Army Ct. Crim. App. 2011). In addition, the military judge properly described the elements to appellant during the *Care* inquiry, appellant stipulated to the fact that his conduct was both prejudicial to good order and discipline and service discrediting, and appellant acknowledged his understanding of the terminal elements and satisfactorily discussed and admitted that his conduct was service discrediting during his discussion about the offense with the military judge. There is no reason to conclude that appellant was misled or that he might otherwise suffer prosecution for this same offense twice. He enjoyed both notice of the offenses against which he had to defend and now enjoys protection against double jeopardy. *Watkins*, 21 M.J. at 209–10.

Therefore, on consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we disapprove the findings of guilty as to Charge I and its Specification and the Second Additional Charge II and its Specification, and find the remaining findings of guilty correct in law and fact. Accordingly, Charge I and its Specification and the Second Additional Charge II and its Specification are dismissed; the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3