# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, GALLAGHER, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant EDDIE N. DIVIDU, JR.**
**United States Army, Appellant**

ARMY 20120355

Headquarters, Fort Drum
Elizabeth Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham JA; Major Richard E. Gorini, JA; Captain Robert A. Feldmeier (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam (on brief).

31 July 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

GALLAGHER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification each of conspiracy to violate a lawful general order or regulation, and failure to obey a lawful general order or regulation in violation of Articles 81 and 92 Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1.  The convening authority approved four months of the sentence to confinement and the remainder of the adjudged sentence.

This case is before this court for review under Article 66, UCMJ.  We find a substantial basis in law and fact to question the findings of guilt to Additional Charge II and its Specification.

**FACTS**

Between June and August 2010, while deployed to Camp Blackhorse, Afghanistan, appellant and SPC H agreed to obtain and sell spice, a controlled substance analogue that is similar to marijuana. At the time, NATO Training Mission-Afghanistan/Combined Security Transition Command-Afghanistan Standard Operating Procedure (SOP) prohibited the introduction, possession, or sale of "any product or substance with the intent of obtaining an altered state of mind or an unnatural feeling of euphoria (including Salvia and other substances advertised for use to "get high legally") . . . ."

At trial, appellant pleaded guilty, *inter alia*, to violating the SOP by "wrongfully introducing" spice to Camp Blackhorse, Afghanistan. During the providence inquiry, the military judge asked appellant exactly how he introduced spice to the installation. Appellant replied, "I had possession of it, and gave it to [SPC H] and he sold it." Appellant further explained that he received the spice from a civilian who was working at the dining facility. The military judge did not further inquire into how appellant brought spice into Camp Blackhorse.

**DISCUSSION**

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 321 (C.A.A.F. 2008). In reviewing a military judge's acceptance of a plea, the court applies the substantial basis test which examines whether the record as a whole shows "a substantial basis in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). The adequacy of appellant's guilty plea must be analyzed in terms of providence of his plea, not sufficiency of the evidence. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). The factual predicate is sufficiently established if the factual circumstances as revealed by the accused himself objectively support that plea. *United States v. Davenport*, 9. M.J. 364, 367 (C.M.A. 1980).

If an accused sets up a matter inconsistent with the plea at any time during a guilty plea proceeding, the military judge must resolve the conflict or reject the plea. UCMJ art. 45(a). *See also* Rule For Courts-Martial [hereinafter R.C.M.] 910(h)(2). Moreover, this court has held that "[t]o resolve a matter inconsistent with a guilty plea, the military judge must, therefore, identify the particular inconsistency at issue and explain its legal significance to the accused who must then retract, disclaim, or explain the matter." *United States v. Rokey*, 62 M.J. 516, 518 (Army Ct. Crim. App. 2005).

We find that there is a substantial basis in law and fact to question appellant's plea of guilty to wrongfully introducing spice in violation of a general order. The military judge advised appellant that the wrongful introduction of spice was into Camp Blackhorse and the stipulation of fact specified the wrongful introduction was

"into theater." However, appellant stated in his providence inquiry that he received the spice from a civilian that worked at the dining facility in Afghanistan. Such statement does not lead us to conclude that appellant introduced spice either into theater or into Camp Blackhorse, but indicates appellant merely obtained spice that was already present at either such location. Appellant's statement is also inconsistent with information contained in an attachment to the stipulation that appellant would get the spice "in the mail sent to the Camp." Despite "wrongful introduction" being the sole means identified in the specification of violating the general order, the military judge failed to clarify this inconsistency or to elicit sufficient facts establishing how appellant introduced spice wrongfully. Accordingly, we will set aside the finding of guilt to Additional Charge II and its Specification.

## CONCLUSION

The finding of guilty of Additional Charge II and its Specification is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), the court affirms the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.[*] *See* Articles 58b(c) & 75(a), UCMJ.

Senior Judge YOB and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Appellant served twenty-four days of confinement in excess of the approved sentence to confinement. Accordingly, appellant is entitled to be credited and paid for those days in accordance with applicable regulations.

3