# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER,* and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRETT M. GASKILL**
**United States Army, Appellant**

ARMY 20110028

Headquarters, III Corps and Fort Hood
Jacqueline Emanuel, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief); Colonel Kevin F. Boyle, JA; Major Jacob D. Bashore, JA (on brief in response to specified issue).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Bradley M. Endicott, JA; Captain Edward J. Whitford, JA (on brief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief in response to specified issue).

12 August 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of failing to go to his appointed place of duty, two specifications of absence without leave, one specification of reckless driving, and five specifications of larceny in violation of Articles 86, 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 911, 921 (2006) [hereinafter UCMJ]. The military judge also convicted appellant of one specification of failing to go to his appointed place of duty as a closely related offense of absence without leave in violation of Article 86, UCMJ, 10 U.S.C. § 886. The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and to forfeit $978.00 pay per month for twelve months. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge,

---

\* Judge GALLAGHER took final action on this case prior to her permanent change of duty station.

confinement for six months, and forfeiture of $978.00 pay per month for six months. The convening authority credited appellant with 177 days of confinement credit.

This case is before this court for review pursuant to Article 66, UCMJ. Appellate counsel assigned three errors to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After our review of the record, we requested counsel address two additional issues. While both of these two additional issues merit discussion, only one merits relief. The additional assignments of error and those matters personally raised by appellant pursuant to *Grostefon* are without merit.

## BACKGROUND

### *Failure to Report*

In Specification 2 of Charge II, appellant was charged with absence without leave in violation of Article 86, UCMJ. At trial, pursuant to a pretrial agreement, appellant pleaded guilty to the charged offense. The military judge explained the elements of absence without leave and asked appellant to explain why he was guilty of such an offense. Appellant explained that from 5 October 2010 until 7 October 2010, he did not leave the installation but remained in his barracks room located on Fort Hood. He missed several formations, physical training sessions, and work-call. He eventually returned to duty when a noncommissioned officer came to his room on 7 October 2010 and ordered him to return to duty. Based on appellant's statements during the providence inquiry, the military judge found him not guilty of absence without leave but guilty of failing to report to his appointed place of duty. During the colloquy, the military judge neither discussed this other offense with appellant nor listed the elements of that offense.

### *Larceny*

In Specifications 2, 3, and 4 of Charge V, appellant was charged with larceny of funds from three different soldiers within his unit. The charges stemmed from appellant stealing bank debit cards and subsequently using the cards to purchase goods. Each specification listed the victim of the larceny as the individual service member rather than the merchants providing the goods or the issuers of the bank debit cards.

Again pursuant to a pretrial agreement, appellant entered pleas of guilty to each of the three specifications. Consistent with the specifications, the military judge listed the elements of larceny, stating that appellant took "money in the form of unauthorized bank card usage." She then questioned appellant regarding the factual basis for his plea. Appellant admitted stealing Sergeant (SGT) PB's, Private First Class (PFC) DP's, and PFC MK's bank cards and using them, without

2

authorization, like a credit card to debit money from their respective bank accounts to purchase pizza, Xbox games, and Xbox videos.

## LAW AND DISCUSSION

### *Failure to Report*

Appellant argues the military judge abused her discretion when she found appellant not guilty of absence without leave but guilty of failing to go to his appointed place of duty because failure to report is not a lesser included offense of absence without leave. In its response to appellant's argument, the government concedes the military judge abused her discretion in convicting appellant of failing to report as an undiscussed variation of absence without leave. In this case, we agree with appellant and accept the government's concession on this issue. As such, we will take appropriate action in our decretal paragraph.

### *Larceny*

Article 45, UCMJ, requires the plea to be rejected if the accused sets up a "matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect . . . ." A military judge must both explain the elements of an offense and elicit a factual basis to support each element of the offense. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002); *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). "We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

"Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense. Such use to obtain goods is usually a larceny of those goods from the merchant offering them." *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 46.c.(1)(h)(vi). However, ". . . alternative charging theories remain available if warranted by the facts." *United States v. Lubasky*, 68 M.J. 260, 264 (C.A.A.F. 2010) (citation omitted). *See also Lubasky*, 68 M.J. at 263 (noting use of a debit card can constitute larceny of money from the owner of the bank account). "As used in Article 121, UCMJ, the single term 'larceny' encompasses and consolidates what in the past were separate crimes, i.e., larceny, larceny by trick, embezzlement, and obtaining property by false pretenses." *Lubasky*, 68 M.J. at 263 (citing *United States v. Antonelli*, 35 M.J. 122, 124 (C.M.A. 1992)). "Because of this, 'the particular means of acquisition of the property became relatively unimportant . . . .'" *Lubasky*, 68 M.J. at 263 (quoting *United States v. Aldridge*, 25 C.M.A. 330, 331-32,

8 C.M.R. 130, 131-32 (1953)). *See also United States v. Meng*, 43 M.J. 801 (A.F. Ct. Crim. App. 1995), *pet. denied*, 44 M.J. 47 (C.A.A.F. 1996) (finding both wrongful taking and wrongful obtaining were valid theories of larceny when appellant caused the electronic transfer of funds).

In this guilty plea case, the military judge advised appellant of the elements and definitions of larceny by wrongfully taking "money in the form of unauthorized bank card usage" from the three individual soldiers. As to each of the larcenies, the stipulation of fact and appellant's providence inquiry identified the monetary amount debited at each transaction from the named victim's bank account and the unauthorized nature of the card use. More importantly, appellant expressly agreed that the funds belonged to the individual soldier-victims, and that appellant wrongfully obtained money in the form of unauthorized bank card usage with the specific intent to permanently defraud the individual soldier of the use and benefit of his money. The providence inquiry, in combination with the stipulation of fact, sufficiently supported the pleas of guilty to each larceny as set forth in the specifications.

We are satisfied from the record as a whole that appellant understood his plea to the charged larceny offenses and understood how the law related to the facts of his case. As such, we do not find a substantial basis in law and fact to question appellant's guilty plea to Specifications 2, 3, and 4, of Charge V.

## CONCLUSION

The finding of guilty of Specification 2 of Charge II is set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court