# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**CESAR CORTEZ**
**GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201300462**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 16 August 2013.
**Military Judge:** Col Howard Russell, USMC.
**Convening Authority:** Commanding Officer, Wounded Warrior Battalion (WEST), Wounded Warrior Regiment, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** Maj T.H. Campbell, USMC.
**For Appellant:** LtCol Richard Belliss, USMCR.
**For Appellee:** CDR Mary Grace McAlevy, JAGC, USN; Maj Crista Kraics, USMC.

**30 June 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of making a false official statement and larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The military judge sentenced him to nine month's confinement, reduction to pay grade E-1, and a bad-conduct

discharge.  The convening authority approved the sentence and, except for the punitive discharge, ordered it executed.  A pretrial agreement had no effect on the adjudged sentence.

The appellant's sole assignment of error is that the military judge abused his discretion in accepting the appellant's guilty plea to the larceny charge.  After careful consideration of the record of trial, the assignment of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

A supply chief at his battalion, the appellant's duties included purchasing consumable supplies at the ServMart store on base.  Between January 2012 and January 2013, the appellant signed out the ServMart card from his unit and used it to make unauthorized purchases of a total value of approximately $14,000.00, the cost borne by the appellant's unit.

At trial, he pleaded guilty to stealing "unit funds, military property of value more than $500, property of the U.S. Marine Corps."  Charge Sheet.  During the providence inquiry, the military judge inquired as to which theory of larceny applied – a taking or obtaining.  Record at 39-40.  Both trial and defense counsel agreed that the appellant's conduct fit either a taking or obtaining theory.  *Id*. at 40.  Later, both the appellant and his counsel agreed with the military judge that the appellant's conduct constituted a "taking" within the meaning of Article 121, UCMJ, because his unit and ultimately the Marines Corps were obligated to pay for the appellant's unauthorized purchases.  *Id*. at 48.

## Analysis

We review the military judge's decision to accept the appellant's plea of guilty for an abuse of discretion.  *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).  We will only disturb a guilty plea when the record of trial shows a substantial basis in law or fact to question the plea.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

The appellant argues that his guilty plea was improvident because he admitted to stealing from the wrong victim, i.e. the Marine Corps as opposed to ServMart.  This error, he argues,

2

mischaracterizes his crime as a larceny by taking rather than a larceny by obtaining.  Citing the Manual, he contends that larceny using a credit or debit card is usually considered a larceny from the merchant offering the goods that were purchased with the card.  MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 46(c)(1)(b)(vi).  In further support of his position, he cites *United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010), a case in which the Court of Appeals for the Armed Forces (CAAF) overturned a credit card larceny conviction after the court found that the true victim of that crime was either the card issuer or the business establishments where the goods were purchased instead of the cardholder.

We find the appellant's reliance on *Lubasky* misplaced.  We begin by noting that, unlike *Lubasky,* this case involves a guilty plea.  Furthermore, we also note that in *Lubasky* there were two distinct types of larcenies involved.  Some specifications involved Chief Warrant Officer Lubasky's use of credit and/or debit cards without the account holder's permission or knowledge.  Other specifications focused on occasions where the account holder gave Chief Warrant Officer Lubasky limited permission to use the card but he exceeded that authority by making unauthorized purchases and transactions.

The CAAF distinguished between those transactions made with cards to which appellant had no lawful access and those transactions involving the card that he had limited authorization to use.  The CAAF found the former constituted a larceny from the merchant as described in the Manual.  But the court found the latter a larceny from the account holder since Chief Warrant Officer Lubasky had limited authority to use the card.  *Id*. at 264-65.  Thus, we find the appellant's reliance on *Lubasky* misplaced as he exceeded his authority to use his unit's ServMart card.

Furthermore, because the appellant pleaded guilty "the issue must be analyzed in terms of the providence of his plea, not sufficiency of the evidence."  *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F. 1996).  A factual predicate for a guilty plea is sufficiently established if "'the factual circumstances as revealed by the accused support that plea . . . .'"  *Id.* (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)).

The appellant admitted that he regularly used his unit's ServMart card as a part of his official duties as the unit supply chief.  He admitted that on the charged occasions he

3

signed the card out using his own name but exceeded his authority by making purchases for his own personal gain. Both he and his defense counsel agreed that his unit would reimburse ServMart for the cost of his unauthorized purchases and therefore his unit, and ultimately the Marine Corps, was the economic victim of his crime. Therefore, we find no substantial basis in law or fact to question his plea. *Lubasky*, 68 M.J. at 264-65.[1]

## Conclusion

The findings and the sentence as approved are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] We note that in *United States v. Sharpton*, __ M.J. ___, 2014 CAAF LEXIS 618 (C.A.A.F. June 13, 2014) the CAAF found no error by the Air Force Court of Criminal Appeals in affirming Senior Airman Sharpton's conviction for larceny from the Air Force through her unauthorized use of her unit's Government Purchase Card. Reasoning that the same Manual provision cited above provides for "alternative theories" of charging, the CAAF found that since the Air Force was contractually obligated to reimburse merchants for Senior Airman Sharpton's unauthorized purchases, the Air Force was the proper victim of her larceny. *Id*. at *8-9.

4