# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**B.T. PALMER, A.Y. MARKS, M.G. MILLER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JESUS VILLANUEVA**
**INTERIOR COMMUNICATIONS ELECTRICIAN THIRD CLASS (E-4)**
**U.S. NAVY**

**NMCCA 201500394**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 6 August 2015.
**Military Judge:** CAPT Charles Purnell, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR A.R. House, JAGC, USN.
**For Appellant:** CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee:** LCDR Clay Trivett, Jr., JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**23 June 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM**:**

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his plea, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The appellant was sentenced to confinement for 15 months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement, commuted the dishonorable discharge to a bad-conduct discharge and suspended all confinement in excess of 14 months.

In a single assignment of error, the appellant asserts that the military judge abused his discretion by accepting the guilty plea to sexual assault in that the evidence was legally and factually insufficient. We disagree.

We conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## BACKGROUND

On 2 July 2014, the USS OAK HILL (LSD 51) made a port call in Boston. The ship's company was given liberty. While the appellant and KF were both assigned to the ship, they had no relationship prior to this incident. KF and several shipmates consumed numerous alcoholic beverages ashore before returning intoxicated. After encountering her in the ship's passageway, the appellant followed KF to her berthing space, got into her rack, and had sex with her. Initially, KF was on top of appellant, but she never spoke and eventually fell asleep during the intercourse. The appellant admitted that he knew she was asleep because her head fell onto his shoulders, her eyes were closed, and he could feel that her body "became a dead weight."[1] Despite her condition, the appellant continued to penetrate her vulva with his penis for up to one minute before he woke KF and recommenced a different sexual position. Their activities ended when the Sailor sleeping above them awoke and discovered the appellant in KF's rack.

## ANALYSIS

The appellant contends that neither the plea colloquy nor the stipulation of fact was sufficient to uphold a conviction for sexual assault under Article 120, UCMJ. He argues that because KF was awake and consented when he initiated sexual penetration, his plea was legally and factually insufficient.

Since the appellant entered an unconditional plea, he waived any objection relating to factual issues of guilt for the offense. RULE FOR COURTS-MARTIAL 910(j), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Thus, the issue is analyzed in terms of the providence of plea, not sufficiency of the evidence. *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F. 1996).

To prevent the acceptance of improvident pleas, the military judge has a duty to establish, on the record, the factual bases showing that "the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 18 U.S.C.M.A. 535, 541 (C.M.A. 1969) (citations omitted). If the military judge fails to establish an adequate basis in law and fact for the plea during the *Care* inquiry, the plea is improvident. We review a military judge's decision to accept a guilty plea for an abuse of discretion, and questions of law arising from the guilty plea *de novo*. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant

---

[1] Record at 35; Prosecution Exhibit 1 at 2.

deference." *United States v. Nance*, 67 M.J. 362, 365 (C.A.A.F. 2009) (quoting *Inabinette*, 66 M.J. at 322).

A conviction for this sexual assault offense requires proof beyond a reasonable doubt of two elements: (1) the appellant committed a sexual act upon KF; and, (2) the appellant knew or reasonably should have known that KF was asleep, unconscious, or otherwise unaware that the sexual act was occurring. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part. IV, ¶ 45(b)(2) .

A "sexual act" includes "penetration, however slight" of the vulva by the penis. *Id.* at ¶ 45(g)(1)(A). Moreover, a sexual assault offense is complete "at the moment of penetration." *United States v. Traylor*, 40 M.J. 248, 249 (C.M.A. 1994). Our thorough review of this entire record establishes that the plea colloquy and stipulation of fact establish an adequate basis in law and fact to uphold a conviction for sexual assault under Article 120(b), UCMJ.

During the providence inquiry, the appellant admitted that his penis penetrated KF's vulva. He told the military judge that while KF was on top of him having intercourse, she fell asleep. The appellant stated unequivocally that he knew KF fell asleep and that he was not under any mistaken belief that she was awake or able to consent. The appellant admitted that while she was asleep and unresponsive, he continued to penetrate her. He said that he knew KF did not possess the mental ability to communicate any decisions regarding whether to continue having sexual intercourse. The appellant also stated that he knew he should have stopped when KF fell asleep because he knew she could not consent and continued intercourse with her was wrongful.

After carefully reviewing the record of trial and weighing all the evidence, we find no substantial basis in law or fact to question the appellant's plea. Nothing in the record indicates a matter inconsistent with the appellant's plea. Consequently, we find no abuse of discretion by the military judge in accepting the appellant's guilty plea.

**CONCLUSION**

The findings and the sentence, as approved by the CA, are affirmed**.**

For the Court



R.H. TROIDL
Clerk of Court

3