# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 JOEL SANTOS**
**United States Army, Appellant**

ARMY 20230219

Headquarters, Joint Readiness Training Center and Fort Johnson
Maureen A. Kohn, Military Judge
Colonel Leslie A. Rowley, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major Cody Cheek, JA (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Lisa Limb, JA; Major Joseph H. Lam, JA (on brief).

20 February 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

Appellant assaulted his romantic partner twice and, when questioned by law enforcement special agents (SAs), appellant made multiple false official statements. As to one of the false official statements, the SA listed in the charged specification was not the same SA referenced in appellant's stipulation of fact or discussed during his court-martial. That false official statement specification (Specification 3 of Charge IV) will be dismissed in our decretal paragraph.[1]

-------------------

[1] Appellate defense counsel asserted three assigned errors and appellant personally raised one issue. We will grant relief as to one assigned error by dismissing Specification 3 of Charge IV. We will also grant relief as to another assigned error by amending the Statement of Trial Results to correctly identify the location of one of the assault offenses (Specification 1 of Charge I). We have given full and fair consideration to appellant's other assigned error and the matter appellant personally

(continued . . .)

## BACKGROUND

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of three specifications of making a false official statement and two assault specifications of domestic violence, in violation of Articles 107 and 128b, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for nine months.[2]

All the offenses to which appellant pleaded guilty arose from his romantic relationship with the victim. In late November 2021, appellant traveled to the victim's home at or near Florien, Louisiana, where the pair, along with a friend, began to drink. The victim became extremely intoxicated and animated. Appellant, annoyed and upset with the victim, slapped her face with his hand.

Several weeks later, the victim visited appellant in his barracks room at Fort Polk, Louisiana. During the visit, an argument ensued, which became physical when appellant grabbed the victim's shoulder, shoved her to the ground, and hit her in the head. The victim reported appellant's offenses to law enforcement SAs.

Appellant waived his rights and was interviewed by SAs. During his interview, appellant stated he did not have any social media accounts and had not recently communicated with his sister. Appellant also stated he thought the victim was over eighteen years old when they met. Each statement was false. These statements served as the basis for Specifications 1, 2, and 3 of Charge IV, respectively. Specifications 1 and 2 of Charge IV alleged appellant made false official statements to SA ███. Specification 3 of Charge IV alleged appellant made a false statement to SA ███.

Despite the charged language identifying two SAs, appellant's stipulation of fact asserted all three false official statements were made to SA ███ When the military judge read the elements to appellant regarding the false official statements, the military judge erroneously stated all three statements were made to SA ███. Based on these precursors, appellant, not unexpectedly, stated during his colloquy

---

( . . . continued)
raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[2] The military judge sentenced appellant to one month of confinement, to run concurrently, for each false official statement specification.

with the military judge that appellant made all three false official statements to SA ██.[3]

## LAW AND DISCUSSION

"Before accepting a guilty plea, a military judge must ensure that there is a factual basis for the accused's plea." *United States v. Mortalla*, 82 M.J. 1, 3 (C.A.A.F. 2021) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969)). "[A] factual predicate [for a plea of guilty] is sufficiently established if 'the factual circumstances as revealed by the accused himself objectively support that plea.'" *Id.* (quoting *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)) (additions in original).

A military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Byunggu Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). Under this standard, the court "must uphold a guilty plea unless there is 'a "substantial basis" in law and fact for questioning the plea.'" *United States v. Hiser*, 82 M.J. 60, 64 (C.A.A.F. 2022) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). Under the "substantial basis" test, the court must ask "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Mortalla*, 82 M.J. at 3-4 (citing *Inabinette*, 66 M.J. at 322). "If an accused sets up matter[s] inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *Id.* at 4 (internal quotations and citations omitted).

Appellant was charged with making two false official statements to SA ██ and one false official statement to SA ██. Appellant's stipulation of fact and his colloquy with the military judge, however, stated all three false official statements were made to SA ██ Special Agent ██ was never mentioned. This mistake was not caught by the government, defense counsel, or the military judge. As it was error for the military judge to accept appellant's plea to the false official statement involving SA ██ without any evidence on the record referencing appellant making a statement to SA ██ that specification must be dismissed.

Given our dismissal of one of appellant's convictions for making a false official statement, we must determine whether our "broad discretion" allows us to reassess appellant's sentence instead of ordering a rehearing. *United States v.*

---

[3] There is no evidence in the record that the government amended Specification 3 of Charge IV to replace SA ██ with SA ██.

*Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Based on our experience as judges on this court, and with the aid of a confinement sentence segmented by the military judge for each specification as well as the equal and concurrent sentences appellant received for the other two Article 107, UCMJ, specifications, we are confident, even with the dismissal of the one specification, that the military judge would have imposed at least a bad-conduct discharge and nine months of confinement.

## CONCLUSION

Upon consideration of the entire record, the finding of guilty of Specification 3 of Charge IV is SET ASIDE and that Specification is DISMISSED. The remaining findings of guilty and the sentence are AFFIRMED.[4]

Judge COOPER and Judge SCHLACK concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[4] The Statement of Trial Results amended to change the location of Specification 1 of Charge I to Florien, Louisiana.