# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Joshua L.J. PORTER**
Aviation Electronics Technician Airman (E-3), U.S. Navy
*Appellant*

**No. 202400435**

———————————

Decided: 21 May 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Michael F. Whitican (arraignment)
Paul S. LaPlante (trial)

Sentence adjudged 29 August 2024 by a special court-martial tried at Region Legal Service Office Northwest, Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 14 days and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Michael W. Wester, JAGC, USN*

---

[1] The convening authority disapproved the confinement and remitted the automatic reduction to E-1.

For Appellee:
*Lieutenant K. Matthew Parker, JAGC, USN*
*Lieutenant Erin H. Bourneuf, JAGC, USN*

Chief Judge DALY delivered the opinion of the Court, in which Senior
Judge GROSS and Judge de GROOT joined.

_____

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

DALY, Chief Judge:

Appellant was charged with one specification of wrongful introduction of
Lysergic Acid Diethylamide (LSD) onto a vessel used by or under control of the
armed forces and one specification of wrongful use of LSD while on board a
vessel used by or under control of the armed forces, in violation of Article 112a,
Uniform Code of Military Justice (UCMJ).[2] Appellant pleaded guilty in accord-
ance with a plea agreement to the specification of wrongful use, and the intro-
duction specification was withdrawn and dismissed.

Appellant raises three assignments of error (AOEs): (1) whether the mili-
tary judge abused his discretion by accepting Appellant's pleas while relying
on a sanity board that did not comply with procedural due process; (2) whether
Appellant's plea of guilty was improvident; and (3) whether Appellant received
ineffective assistance of counsel where counsel failed to adequately investigate
Appellant's mental condition. We find no prejudicial error and affirm.

## I. BACKGROUND

The charge and specifications in this case resulted from an investigation
into Appellant's behavior while underway on USS *Carl Vinson* (CVN 71) after
several Sailors noted Appellant's erratic behavior. Appellant made several
comments to other Sailors indicating that he had ingested LSD.[3] Appellant
was flown off the ship and ultimately medically evacuated for a mental health

---

[2] 10 U.S.C. § 912a.

[3] Pros. Ex. 5, 6, and 7.

evaluation.[4] The convening authority charged Appellant at a special court-martial for wrongful introduction of LSD and wrongful use of LSD. After referral of charges, the military judge ordered a mental responsibility inquiry of Appellant pursuant to Rule for Courts-Martial (R.C.M) 706 at the request of Appellant's Trial Defense Counsel (TDC).[5] The inquiry concluded Appellant did not have a severe disease or defect at the time of the alleged criminal conduct, could appreciate the nature and quality or wrongfulness of his conduct, and was able to understand the nature of the proceedings and cooperate intelligently in his defense.[6] The long form and short form reports included a statement of non-confidentiality that explained the limits on confidentiality of the report including "that the board member might be called to testify at his [court-martial]" as well as "what information would be included in the reports generated from this evaluation and who would receive them."[7]

After completion of the R.C.M. 706 inquiry, Appellant entered into a plea agreement with the convening authority in which he agreed to plead guilty to one specification of wrongful use of LSD. The plea agreement required that Appellant enter into a stipulation of fact. In the stipulation, Appellant agreed that he did not have a severe disease or defect at the time of the offenses and that he was competent to stand trial. Additionally, Appellant stipulated that he was not forced or coerced into committing the offense, but rather he voluntarily engaged in the conduct underlying the offense and did not believe he had authorization or was entitled to commit the offense.[8]

In the plea agreement, Appellant agreed that he was satisfied with his TDC and his legal advice.[9] Appellant confirmed the same with the military judge at the guilty plea.[10]

In Appellant's unsworn statement, he stated that he understood his actions violated the UCMJ:

> However, I want to emphasize that my conduct was never intended, nor did [it] cause harm to others. When I ingested LSD,

[4] Pros. Ex. 9.

[5] App. Ex. V.

[6] App. Ex. IV.

[7] Appellant's Mot. to Attach, App'x B at 1. The Court granted Appellant's Mot. to Attach his declaration and long form mental health evaluation on 23 June 2025.

[8] Pros. Ex. 1.

[9] App. Ex. VI at 1.

[10] R. at 53.

I did so with the misinformed intention of deepening my spiritual practice through psychedelics. I recognize that this was a poor decision, especially in the context of my responsibilities in the Navy. As soon as I realized the gravity of my . . . mistake, which really was immediately after I had ingested it, it was like, this is--why did I do this?[11]

During the presentencing argument, TDC stated that Appellant, "struggled for years with anxiety and depression but he's doing much better now . . . ."[12] Based on this statement, the military judge reopened the providence inquiry to go over the results of the mental responsibility evaluation with Appellant and TDC.[13] Appellant and TDC confirmed that they were not raising the defense of lack of mental responsibility.[14] The military judge added:

[D]uring the time here in court, I've been able [to] observe [Appellant], of course, and he comes off as understanding everything that we've talked about here today. He seems very able to . . . help in his own defense. I'm confident just as the 706 board found it as well.[15]

## II. DISCUSSION

### A. The Military Judge Did Not Abuse His Discretion.

For Appellant's first two AOEs, the standard of review is the same. The standard of review for a military judge's acceptance of a guilty plea is abuse of discretion.

#### 1. Standard of Review

Before accepting a plea of guilty, a military judge must conduct an inquiry and determine if there is an adequate basis in law and fact to support it.[16] The decision to accept a guilty plea is an abuse of discretion if it is not supported by an adequate factual basis or if it is based on an erroneous view of the law.[17]

---

[11] R. at 110.

[12] R. at 118.

[13] R. at 118–125.

[14] R. at 124.

[15] R. at 125.

[16] *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008).

[17] *Id.*

We will overturn a military judge's decision to accept a plea only if there is a substantial basis in law or fact for questioning the guilty plea.[18]

"An abuse of discretion occurs when there exists 'something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding an appellant's guilty plea.'"[19] Pursuant to Article 45, UCMJ, a guilty plea shall not be accepted if an accused, "after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently, or through lack of understanding of its meaning and effect."[20] "The factual predicate [of a plea] is sufficiently established if 'the factual circumstances as revealed by the accused himself objectively support that plea.'"[21] Absent a substantial conflict between an appellant's pleas and the factual or legal circumstances supporting those pleas, appellate courts should not reverse a military judge's decision to accept a plea when the appellant admits to all of the elements on the record.[22]

A military judge can presume, in absence of contrary circumstances, that an accused is mentally responsible.[23] A military judge is only required to inquire into circumstances or statements that raise a possible defense, not circumstances or statements that raise the "mere possibility" of a conflict with the plea.[24]

### 2. Discussion

Appellant claims that the mental health responsibility inquiry undermined an essential purpose of the board by advising Appellant that it was not confidential, in particular by informing Appellant "that the board member might be called to testify at [Appellant's court-martial] and that the results of this evaluation might not benefit him at trial."[25] The statements of non-confidentiality

---

[18] *Id.*

[19] *United States v. Hayes*, 70 M.J. 454, 457 (C.A.A.F. 2012) (quoting *Inabinette*, 66 M.J. at 322).

[20] 10 U.S.C. § 845.

[21] *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)).

[22] *See United States v. Garcia*, 44 M.J. 496, 498–99 (C.A.A.F 1996).

[23] "The accused is presumed to be mentally responsible at the time of the alleged offense." R.C.M. 916 (k)(3)(A); *United States v. Shaw*, 64 M.J. 460, 463 (C.A.A.F. 2007).

[24] *See Shaw*, 64 M.J. at 463; *see also United States v. Riddle*, 67 M.J. 335, 338–39 (C.A.A.F. 2009).

[25] App. Ex. IV at 1.

in both the short and long form R.C.M. 706 board are identical. The statements of non-confidentiality correctly state the limited confidentiality of the mental responsibility inquiry. The mental responsibility inquiry is not completely confidential.[26] The non-confidentiality statement is not inconsistent with the rule. Appellant acknowledged the non-confidential nature of the evaluation and agreed to proceed.[27] The evaluation concluded that Appellant did not have a severe disease or defect at the time of the alleged criminal conduct, could appreciate the nature and quality or wrongfulness of his conduct, and was able to understand the nature of the proceedings and cooperate intelligently in his defense.[28]

During the providence inquiry, Appellant stated, "I used LSD onboard an aircraft carrier. It's against the law, Your Honor."[29] The military judge asked who told him it was LSD and also told Appellant he was not required to name the person specifically. Appellant declined to say who supplied it, presumably to protect his supplier and thereby demonstrating his understanding of the wrongfulness.[30] Based on this statement, Appellant clearly understood the wrongfulness of using LSD and ensured he did not have to name his supplier.

Appellant's post-conviction declaration states that he was not completely honest and forthright during the mental responsibility evaluation because the examining psychologist, Dr. Romeo, told him that the confidentiality was different than the military judge's order.[31] In his brief, then, Appellant argues that he could not be honest because of the lack of confidentiality.[32] However, that is not what Appellant states in his declaration. Appellant declared that he thought Dr. Romeo was manipulative, and it was for *that* reason that he was not comfortable sharing information during the evaluation.[33]

Additionally, Appellant's unsworn statement and TDC's sentencing argument did not raise more than the mere possibility of a defense or overcome the results of the mental evaluation. Like in *United States v. Riddle*, the military judge placed his impressions of Appellant's behavior at trial on the record and

---

[26] Rule for Court-Martial 706(c)(3)(B) (including release of the full report (long form), "upon request, to the commanding officer of the accused.").

[27] Appellant's Mot. to Attach, App'x B at 1.

[28] Appellant's Mot. to Attach, App'x B at 15.

[29] R. at 31.

[30] R. at 34.

[31] Appellant's Mot. to Attach, App'x A at 2.

[32] Appellant's Brief at 5–7.

[33] Appellant's Mot. to Attach, App'x A at 2.

relied on the results of a report of mental evaluation.[34] TDC also affirmatively declined to raise the mental responsibility defense.[35] The evidence before the military judge *at most* presented the mere possibility of conflict with Appellant's guilty plea and did not raise a substantial basis in law or fact for questioning the providence of the plea.

## B. Appellant's Trial Defense Counsel Were Not Ineffective.

### 1. Standard of Review and Applicable Law

We conduct a de novo review of ineffective assistance of counsel claims.[36] When evaluating claims of ineffective assistance of counsel, this Court applies the framework from *Strickland v. Washington*.[37] Under *Strickland*, an appellant bears the burden of demonstrating that (a) defense counsel's performance was deficient, and (b) this deficient performance was prejudicial to the defense.[38]

Ineffectiveness-of-counsel claims can be resolved on either prong.[39] With respect to the first prong—whether counsel's performance was deficient—courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[40] "The *Strickland* test applies in the context of guilty pleas where an appellant challenges the plea based on ineffective assistance of counsel."[41] We have held that when it is apparent that an accused has some mental condition that warrants further investigation, "the failure to investigate is ineffective assistance."[42]

### 2. Discussion

Based on our review of the totality of the record in this case, which includes an R.C.M. 706 mental responsibility evaluation, we conclude that Appellant's

---

[34] 67 M.J. at 335.

[35] R. at 124.

[36] *United States v. Carter*, 79 M.J. 478, 480 (C.A.A.F. 2020).

[37] 466 U.S. 668 (1984).

[38] *Id.* at 687.

[39] *Id.* at 697.

[40] *Id.* at 689.

[41] *United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

[42] *United States v. McNulty*, 84 M.J. 628, 635 (N-M. Ct. Crim. App. 2024).

TDC were not ineffective for failing to adequately investigate Appellant's mental health. Specifically, Appellant alleges that TDC failed to investigate conflicting statements and ignored red flags that any reasonable attorney would have perceived and demanded further investigation.[43] Appellant argues further that TDC's reliance on the R.C.M. 706 exam without further consultation was objectively unreasonable.[44] The evaluation acknowledges Appellant's behavior, previous mental health evaluations, test results, and placed them in chronological context with Appellant's use of LSD on the ship.

Here, there was no requirement for TDC to investigate Appellant's competence to stand trial or mental responsibility at the time of the alleged misconduct beyond their request for an inquiry under R.C.M. 706.[45] In the mental responsibility evaluation, the board concluded that Appellant did not have a severe disease or defect at the time of the alleged criminal conduct, could appreciate the nature and quality or wrongfulness of his conduct, and was able to understand the nature of the proceedings and cooperate intelligently in his defense. There is nothing inherently unreliable about the mental responsibility evaluation findings. Relying on the results, TDC's performance did not fall below the objective standard. They considered the defense of lack of mental responsibility and decided not to raise it, stating as such during the plea: "So we're not putting forth a defense of lack of mental responsibility. That's not our intent today. And just further, just for the purposes of clarity in the record, we do believe [Appellant is] competent to assist in his own defense."[46]

The mental responsibility evaluation found Appellant competent to stand trial and to have been mentally responsible at the time of his misconduct. Appellant acknowledged that there was no justification for his conduct, and he was satisfied with his TDC. Considering all these facts and circumstances at the time Appellant entered his guilty plea, we conclude TDC's performance was not deficient.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law, the sentence is correct in

---

[43] Appellant's Brief at 39 (citing *Fortenberry v. Haley,* 297 F.3d 1213, 1226 (11th Cir. 2002)).

[44] Appellant's Brief at 42.

[45] App. Ex. V.

[46] R. at 124 (quotation modified).

law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[47]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[47] Articles 59 & 66, UCMJ.