**UNITED STATES**

v.

**Staff Sergeant Kevin A. SLAGLE,
United States Air Force**

**ACM 38087 (recon)**

U.S. Air Force Court of Criminal Appeals

Sentence adjudged 30 November 2011
by GCM convened at Barksdale
Air Force Base, Louisiana.

16 July 2013

Military Judge: Matthew Van Dalen (sitting alone).

Appellate Counsel for the appellant: Captain Travis K. Ausland.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before GREGORY, HARNEY, and

SOYBEL [1], Appellate Military Judges.

PER CURIAM:

Before a general court-martial composed of military judge alone, the appellant was charged with and pled guilty to one specification of knowingly and wrongfully receiving and possessing "visual depictions *of a minor* engaging in sexually explicit conduct," in violation of Article 134, UCMJ, 10 U.S.C. § 934 (emphasis added).[2] The military judge determined the maximum punishment by referencing 18 U.S.C. § 2252A(b)(1), which sets maximum confinement at 20 years for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The court adjudged a bad-conduct discharge, confinement for 20 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence adjudged.

 The appellant relies on *United States v. Beaty*, 70 M.J. 39 (C.A.A.F.2011), to argue that the punishment under 18 U.S.C. § 2252A does not apply because the Specification fails to allege the aggravating circumstance that the children in the images were "actually [minors] or virtually indistinguishable from minors." We disagree. Unlike the specification in *Beaty*, the Specification here did not allege that the images were of only "what appears to be" minors. Moreover, *Beaty* expressly found no abuse of discretion in using the analogous United States Code maximum for a specification alleging possession of "visual depictions of minors engaging in sexually explicit activity." *Id.* at 42.

Consistent with *Beaty*, the crime charged here is punishable as authorized by the United States Code section referenced by the military judge which criminalizes receipt of "child pornography." The term "child pornography" includes any visual depiction of sexually explicit conduct where (1) the visual depiction involves "the use of *a minor* engaging in sexually explicit conduct" or (2) the visual depiction is "a digital image, computer image, or computer-generated image that is,

or is indistinguishable from, that of *a minor* engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A) and (B) (emphasis added). Like the United States Code definition, the Specification alleges the wrongful and knowing receipt of images of *a minor* engaging in sexually explicit conduct. Therefore, for purposes of determining the maximum punishment, the military judge correctly used the punishment authorized for receipt of child pornography under 18 U.S.C. § 2252A(a)(2). *See* Rule for Courts–Martial 1003(c)(1)(B)(ii) (providing that an offense not listed in or closely related to one listed in the Manual is punishable as authorized by the United States Code).

 Alternatively, the appellant argues that the plea inquiry was improvident as to "actual minors" because the military judge failed to establish that the appellant possessed images of actual minors. We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F.2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F.1996) (citation omitted). In doing so, we apply the substantial basis test and look for something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea. *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). "An accused must know to what offenses he is pleading guilty," *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008), and a military judge's failure to explain the elements of the charged offense is error, *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A.1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F.2004) (citing *United*

---

1. Upon our own motion, this Court vacated the previous decision in this case for reconsideration before a properly constituted panel. Our decision today reaffirms our earlier decision.

2. The sole Specification of the single Charge alleged, in the conjunctive, both Clauses 1 and 2 of the terminal element of Article 134, UCMJ, 10 U.S.C. § 934.

*States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996).

Here, we find nothing that would raise a substantial question regarding the appellant's guilty plea. The military judge correctly defined "minor" as "any person under the age of 18 years." In defining the prohibited content of the visual depictions the judge explained, consistent with the above-cited United States Code provision, that the sexually explicit images need not be of actual minors but must be "persons indistinguishable from minor children whether actual or virtual." After acknowledging his understanding of the elements and definitions, the appellant admitted to having between 6000 and 8000 images of child pornography on his computer. He told the judge that he was "certain" the images contained minors because he "could plainly see that they were young girls roughly between the ages of 6 and 12" involved in sex acts such as masturbation, oral sex, and intercourse. He found the images by searching the Internet using specific age and gender terms, and the file names contained ages such as 8 and 10 that were consistent with his search terms. At the conclusion of the inquiry, the military judge asked the appellant if he believed and admitted that he received and possessed *"visual depictions of a minor* engaging in sexually explicit conduct" (emphasis added). The appellant replied that he did. In consideration of the entire inquiry we find no substantial basis to question the appellant's guilty plea.

### Conclusion

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.