# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Staff Sergeant KEVIN A. SLAGLE
### United States Air Force

### ACM 38087 (recon)

### 22 July 2014

Sentence adjudged 30 November 2011 by GCM convened at Barksdale Air Force Base, Louisiana. Military Judge: Matthew Van Dalen (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the appellant: Major Matthew T. King and Captain Travis K. Ausland.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final publication.

PER CURIAM:

Before a general court-martial composed of military judge alone, the appellant pled guilty to one specification of knowingly and wrongfully receiving and possessing "visual depictions *of a minor* engaging in sexually explicit conduct," in violation of Article 134, UCMJ, 10 U.S.C. § 934 (emphasis added). The court adjudged a

bad-conduct discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning, (25 June 2013).

When the appellant's case was initially before us, the appellant raised two issues: (1) that his plea was improvident, and (2) that the military judge erred when he determined the maximum punishment by referencing 18 U.S.C. § 2252A(b)(1), which sets maximum confinement at 20 years for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

On 16 July 2013, we issued a decision affirming the approved findings and sentence in the appellant's case.[1] *United States v. Slagle*, 72 M.J. 710 (recon) (A.F. Ct. Crim. App. 2013). Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. The appellant moved to vacate the decision on the basis of Mr. Soybel's participation. On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *United States v. Slagle*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors asserting he is entitled to relief due to excessive post-trial processing delays. With a properly constituted panel, we have

---

[1] After the appointment of Mr. Lawrence Soybel by the Secretary of Defense on 25 June 2013, this Court sua sponte reconsidered its 14 May 2013 opinion and issued a new opinion on 16 July 2013. The two panels had identical members.

reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Discussion*

The appellant relies on *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011), to argue that the punishment under 18 U.S.C. § 2252A does not apply because the specification fails to allege the aggravating circumstance that the children in the images were "actually [minors] or virtually indistinguishable from minors." Unlike the specification in *Beaty*, the specification here did not allege that the images were of only "what appear[] to be" minors. Moreover, *Beaty* expressly found no abuse of discretion in using the analogous United States Code maximum for a specification alleging possession of "visual depictions of minors engaging in sexually explicit activity." *Id.* at 42.

Our superior court has recently examined the issue of maximum punishment in child pornography cases and reaffirmed that when all the elements of a federal crime, except the jurisdictional element, are included in a clause 1 or 2 Article 134, UCMJ, specification then the analogous federal statute provides the maximum punishment. *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014). The specification at issue here is directly analogous to 18 U.S.C. § 2252A(a)(2), which criminalizes receipt and distribution of child pornography; 18 U.S.C. § 2252A(a)(5), which criminalizes possession of child pornography; and 18 U.S.C. § 2256(8)(B), which defines child pornography. Therefore, the military judge did not err in holding the maximum possible sentence was based on the analogous portions of 18 U.S.C. § 2252A. *See Finch*, 73 M.J. at 148.

Alternatively, the appellant argues the plea inquiry was improvident as to "actual minors" because the military judge failed to establish the appellant possessed images of actual minors. "[W]e review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). To accomplish our review, "we apply the substantial basis test and look for something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (holding a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). "An accused must know to what offenses he is pleading guilty," *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008), and a military judge's failure to explain the elements of the charged offense is error, *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing

*United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). This same issue was also addressed in *Finch*, as discussed supra.

Here, the military judge provided the same definitions as were provided in *Finch*. The military judge correctly defined "minor" as "any person under the age of 18 years." In defining the prohibited content of the visual depictions, the judge explained the sexually explicit images must be "persons indistinguishable from minor children whether actual or virtual." After acknowledging his understanding of the elements and definitions, the appellant admitted to having between 6000 and 8000 images of child pornography on his computer. He told the military judge that he was "certain" the images contained minors because he "could plainly see that they were young girls roughly between the ages of 6 and 12" involved in sex acts such as masturbation, oral sex, and intercourse. He found the images by searching the Internet using specific age and gender terms, and the file names contained ages such as 8 and 10 that were consistent with his search terms. At the conclusion of the inquiry, the military judge asked the appellant if he believed and admitted that he received and possessed "*visual depictions of a minor* engaging in sexually explicit conduct." (emphasis added). The appellant replied that he did.

Trial defense counsel explicitly acknowledged that 18 U.S.C. 2252A(a)(5) provided a 10 year confinement maximum for the offense of possession of child pornography. Trial defense counsel argued that rather than the 20 year maximum sought by the Government for possession and receipt of child pornography, the military judge should merge the offenses for sentencing to limit the maximum confinement to 10 years. The military judge denied this motion.

In consideration of the entire inquiry, we find no substantial basis to question the appellant's guilty plea. We reach the same conclusion as our superior court in *Finch*:

> Our review of the record of the providence inquiry reflects that, despite the single inconsistent reference to images of virtual minors, the parties proceeded as though the allegations involved actual persons and the military judge elicited adequate information from [the appellant] to support the plea. Consequently, [the appellant] has failed to establish that a substantial basis in law or fact exists to reject his plea.

73 M.J. at 149.

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id.* at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was originally docketed for appellate review on 15 May 2012, and this Court rendered a decision on 16 July 2013, within the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and issue this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ.

---

[2] U.S. CONST. art II § 2, cl 2.

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist